[No. H033669. Sixth Dist. July 14, 2009.]

In re H.C., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
H.C., Defendant and Appellant.

**Counsel**

Marsanne Weese, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

**Opinion**

**RUSHING, P. J.**—This appeal is taken under Welfare and Institutions Code section 800, subdivision (a) and the minor H.C. appeals from the dispositional order in a juvenile court proceeding pursuant to Welfare and Institutions Code section 602.

A wardship petition filed October 10, 2008, alleged that the ward carried a concealed weapon and a loaded firearm. The minor admitted to violating Penal Code section 12025, subdivision (a)(2), a felony, and all other counts were dismissed. He was placed on probation for three years and an order was signed by the trial judge. The probation order, a preprinted form, is of three pages and contains 35 conditions.

### Discussion

Defendant asserts the probation conditions related to his gang association are unconstitutionally vague and overbroad.

 While defendant did not object to the probation conditions when they were imposed in the juvenile court, we do not deem the issue waived on

appeal. In *In re Sheena K.* (2007) 40 Cal.4th 875, 889 [55 Cal.Rptr.3d 716, 153 P.3d 282], the California Supreme Court held in a juvenile case that a failure to object to a probation condition on the ground that it is unconstitutionally vague and overbroad is not waived on appeal. We apply the same rule to this case.

 "A probation condition is subject to the 'void for vagueness' doctrine, and thus 'must be sufficiently precise for the probationer to know what is required of him . . . .' " (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630 [78 Cal.Rptr.2d 66] (*Lopez*).) "The underlying concern of the vagueness doctrine is the core due process requirement of adequate *notice*: [¶] ' "No one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids." [Citations.] . . . [¶] '. . . Thus, a law that is "void for vagueness" not only fails to provide adequate notice to those who must observe its strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." ' " (*Ibid.*, quoting *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115–1116 [60 Cal.Rptr.2d 277, 929 P.2d 596] (*Acuna*).) *Acuna* involved the defendants' attack on a preliminary decree obtained by the City of San Jose that enjoined them from associating with other gang members. At issue was the existence of a knowledge requirement in the injunction. There, the court acknowledged that "the City would have to establish a defendant's own knowledge of his associate's gang membership to meet its burden of proving conduct in violation of the injunction. Far from being a 'classic' instance of constitutional vagueness, however, we think the element of knowledge is fairly implied in the decree. To the extent that it might not be, we are confident that the trial court will, as the Court of Appeal did in *People v. Garcia* (1993) 19 Cal.App.4th 97, 103 [23 Cal.Rptr.2d 340], impose such a limiting construction . . . by inserting a knowledge requirement should an attempt be made to enforce that paragraph of the injunction." (*Acuna, supra,* 14 Cal.4th at p. 1117, italics omitted.)

In *Lopez*, the Court of Appeal concluded that, unlike the injunction in *Acuna*, a probation condition that prohibited the defendant from becoming involved in " 'gang activities,' " associating with " 'gang members' " and wearing, possessing or displaying " 'gang insignia' " was both overbroad and void for vagueness. (*Lopez, supra,* 66 Cal.App.4th at pp. 622, 628–629.) The court modified the condition to state that the defendant " 'is not to be involved in or associate with any person *known to defendant* to be a gang

member' " and that " 'the word ["]gang["] means a ["]criminal street gang["] as defined in Penal Code section 186.22, subdivisions (e) and (f).' " (*Id.* at p. 638, italics added.)

Similarly, in *People v. Garcia, supra,* 19 Cal.App.4th 97 (*Garcia*), the appellate court limited a probation condition that prohibited the defendant from associating with certain groups of persons (drug users and sellers and felons) because the condition was not "sufficiently narrowly drawn" and did not require that the defendant have knowledge of the status of these persons. (*Id.* at p. 102.) The court modified the condition to prohibit knowing association with those persons. (*Garcia, supra,* 19 Cal.App.4th at pp. 102–103.)

■ Both *Lopez* and *Garcia* hold that "probation conditions that implicate constitutional rights must be narrowly drawn . . ." and that the knowledge requirement generally "should not be left to implication." (*Garcia, supra,* 19 Cal.App.4th at p. 102.)

Here the minor complains of two conditions in his probation order, Nos. 24 and 25. Condition No. 24, "That the minor not associate with any known probationer, parolee, or gang member," suffers from a difficulty in the form used for each of the conditions. The face of the order contains a "*see attached" reference with three preprinted pages attached containing condition Nos. 9 through 35, all of which except 17 and 31 begin with the demonstrative pronoun "that," likely intended to be used as a conjunction for a dependent clause referring back to the words "In addition to the above, the court ordered the following special conditions of your Probation."

The form is not a model of clarity, especially for persons who may be more familiar with Spanish than English. The form bears a similarity to popular forms of 19th-century contracts and deeds, needless to say no longer in wide use.

■ But as to condition No. 24, the word "known" is used either as an adjective or a verb. If the verb form is "to know" then it does not specify its subject. The identity of a person who has knowledge is unknown because it is in the passive voice. If used as an adjective then the word, in the context of this condition, is even more obscure and most akin to the phrase "a person known to the police." Thus, the "overbroad analysis" is not on point because the usage here does not satisfy the requirement that the minor be "possessed of knowledge." The aim and purpose of the law is to meet the core due

process requirement of adequate notice. It is quite unlikely that a minor would know that a person is a probationer or a parolee, that kind of detail being the province of law enforcement officers. He might well know that a person is a gang member. Nevertheless, the defect in the condition is obvious, it should be rephrased and we will modify it as follows: "You H.C. will not associate with any person known to you to be on probation, on parole or a member of a criminal street gang."

Appellant objects to condition No. 25, "That the minor not frequent any areas of gang related activity and not participate in any gang activity." This condition presents two separate commands, the former being much more difficult to interpret than the latter. "Frequenting" any areas of gang-related activity is not so much overbroad as obscure. To "frequent," a verb form no longer in common usage, would be especially challenging to understand; indeed at oral argument in similar cases neither the Attorney General nor defense counsel could define it. The Oxford English Dictionary says it means, in its verb form, "to visit or make use of (a place) often; to resort habitually." (Oxford English Dict. <http://dictionary.oed.com/cgi/entry/50089799?query_type=word&querywor=frequent&first=1&max_to_show=10&sort_type+alpha&result_place=3&search-id=T7LF-goLJCC-7823&hilite=5089799> [as of July 14, 2009].) The adjectival form of "frequent," as it relates to an assembly, is sometimes used as "[a]ssembled in great numbers, crowded, full." The vice in the usage of this word cuts both ways. How the district attorney would prove that someone "habitually" visited an area of gang activity challenges the imagination. The common case would occur with the police picking up the minor in such an area—how does one turn one encounter into habitual visits? On the other hand, the minor would not violate the condition with one or two visits, yet we glean from the record that the trial court intended the minor not to visit such areas at all.

But this is not the most difficult part of the first clause. Understanding the phraseology of "frequent" to mean "being in areas of gang-related activity" suggests more than one issue of interpretation. An area with "gang-related activity" might be, in some instances, an entire district or town. It would be altogether preferable to name the actual geographic area that would be prohibited to the minor and then to except from that certain kinds of travel, that is, to school or to work. At the very least the condition, No. 25, should be revised to say that the minor not visit any area known to him to be a place of gang-related activity. For example, in this case a San Jose police officer identified 1604 Crucero Lane as being a high-crime area with Sureno gang activity. Surely the trial court armed with that information would be able to fashion a more precise order.

## DISPOSITION

Probation condition No. 24 is amended as set forth in the body of this opinion. Condition No. 25 is reversed and remanded to allow the trial court to more closely tailor the condition consistent with *In re Sheena K., supra*, 40 Cal.4th 875, 890.

Premo, J., and Elia, J., concurred.