Filed 10/29/13  P. v. Dang CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TONY DANG,<br><br>Defendant and Appellant. | H038688<br>(Santa Clara County<br>Super. Ct. No. C1112313) |

Defendant Tony Dang was convicted by plea of possessing controlled substances. His sole contention on appeal is that probation conditions prohibiting him from possessing or consuming alcohol or controlled substances are vague and overbroad.  As in other cases we will modify the challenged conditions to include an express requirement of guilty knowledge.

### BACKGROUND

Defendant was charged with possession of methamphetamine for sale (Health & Saf. Code, § 11378) and possession of less than an ounce of marijuana (Health & Saf. Code, § 11357, subd. (b)).  The charges were based on evidence seized after a traffic stop.  His motion to suppress the evidence was denied.  Defendant then entered a plea of no contest in light of an indicated sentence of 165 days in county jail, with eligibility for all programs.  The probation department recommended a number of probation conditions,

including those challenged here.[1]  The court imposed the indicated sentence, placing defendant on probation with 165 days in county jail on conditions including those at issue.[2]  Defendant filed this timely appeal.

## DISCUSSION

Defendant contends that the challenged conditions are unconstitutionally vague and overbroad in the absence of language clarifying that he cannot be found in violation of them unless he knew of the circumstances bringing his conduct within the prohibition. Respondent acknowledges that defendant cannot be found in violation of the conditions unless he violates them willfully, but disputes the necessity to include an express requirement of guilty knowledge.

This and other courts have frequently modified probation conditions to include an express scienter element in order to give clear notice to both the defendant and probation authorities of what will constitute a violation.  (E.g., *In re Sheena K.* (2007) 40 Cal.4th 875, 892; *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1350-1353; *People v. Barajas* (2011) 198 Cal.App.4th 748, 761, fn. 10; *People v. Leon* (2010) 181 Cal.App.4th 943, 950, 951; *In re H.C.* (2009) 175 Cal.App.4th 1067, 1070-1073; *People v. Freitas* (2009) 179 Cal.App.4th 747, 750-751, 753; cf. *In re E. O.* (2010) 188 Cal.App.4th 1149, 1157

---

[1]  As recommended in the waived referral report, the challenged conditions were stated as follows:  "7.  The defendant shall not possess or consume alcohol or illegal substances or knowingly go to places where alcohol is the primary item of sale. [¶]  8. The defendant is not to possess or use illegal drugs or illegal controlled substances or go anywhere he/she knows illegal drugs or non prescribed controlled substances are used or sold."

[2]  As orally pronounced:  "You're ordered not to possess or consume alcohol or illegal substances, or knowingly go to places where alcohol is a primary item of sale. [¶]  You're ordered not to possess or use illegal drugs or illegal controlled substances or go anywhere you know illegal drugs or non-prescribed controlled substances are used or sold."

[overbroad restriction on court attendance stricken where record failed to disclose purpose to which it might be tailored].)

Such a modification obviates constitutional concerns under the vagueness and overbreadth doctrines. It imposes no noticeable burden on the trial or appellate courts. It serves "[t]he aim and purpose of the law" in this context, which is "to meet the core due process requirement of adequate notice." (*In re H.C.*, *supra*, 175 Cal.App.4th at pp 1071-1072.)

Accordingly, we will adhere to our consistent practice and modify the challenged conditions as requested.

### DISPOSITION

The challenged conditions are modified to provide as set forth in the margin.[3] As so modified, the judgment is affirmed.


_____
RUSHING, P.J.


WE CONCUR:


_____
PREMO, J.


_____
ELIA, J.

_____

[3] "You are ordered not to knowingly possess or consume alcohol or illegal substances, or knowingly go to places where alcohol is a primary item of sale. [¶] You are ordered not to knowingly possess or use illegal drugs or illegal controlled substances or knowingly go anywhere illegal drugs or non-prescribed controlled substances are being used or sold."

3