Filed 4/18/14  P. v. Martinez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCISCO JAVIER MARTINEZ,<br><br>Defendant and Appellant. | A138173<br><br>(San Mateo County<br>Super. Ct. No. SC077294) |

Francisco Martinez appeals from a judgment of conviction and sentence imposed after a jury found him guilty of furnishing a controlled substance (Health & Saf. Code, § 11352).  He contends (1) the court erred in instructing the jury on the meaning of the word "furnishing," and (2) a probation condition prohibiting Martinez from possessing controlled substances is inconsistent with the court's order allowing him to do so.  We will modify the probation condition and affirm the judgment in all other respects.

## I.  FACTS AND PROCEDURAL HISTORY

An information charged Martinez with unlawfully transporting, importing, selling, furnishing, administering or giving away a controlled substance, or offering to do so, in violation of Health and Safety Code section 11352.  The matter proceeded to a jury trial.

### A.  Evidence at Trial

While on duty in a marked patrol car on December 19, 2012, South San Francisco Police Officer Henry Velez observed Martinez conversing with James

1

Woodard. Velez then saw Martinez take a pill out of a green bottle and place it in Woodard's hand.

As Officer Velez approached, Woodard turned his back toward the officer and Martinez put the cap back on the bottle. Velez confirmed that the green bottle Martinez was holding was a pill bottle from a pharmacy.

Officer Velez searched Woodard and, after pulling out Woodard's front left pants pocket, noticed a white pill by Woodard's foot. The pill had not been there before the search. The pill was clean, so it did not appear to have been there long, and it was similar to the pills in Martinez's pill bottle.

Meanwhile, South San Francisco Police Officer Robert Reinosa arrived at the scene; while Officer Velez was searching Woodard, Reinosa spoke with Martinez. Martinez told Reinosa that, after having his prescription filled in the morning, he approached Woodard, asked him for a cigarette, and showed Woodard the prescription. Martinez's prescription was for 20 pills, and only 18 pills were in the bottle. Martinez first claimed that he had taken two pills; when Reinosa confronted him with the pill found on the ground, however, Martinez admitted that he had taken one pill and given one to Woodard.

Officer Velez transported Martinez and Woodard to the police station. After Velez read Martinez his *Miranda* rights,[1] Martinez told Velez that he had consumed both pills that were missing from the 20-pill prescription bottle. Velez confronted Martinez with his statement to Officer Reinosa—that he had taken only one of the pills and given the other to Woodard—and Martinez again admitted he gave Woodard one of his pills. Martinez acknowledged it was wrong to give "Vicodin" to others, but he gave a pill to Woodard to thank Woodard for giving him a cigarette.

Officer Velez's police report recorded Martinez's claim that he was just showing the pill to Woodard, but it also recorded Martinez's statement that he could not remember whether Woodard had given the pill "back" to him. Although Velez's

---

[1]     See *Miranda v. Arizona* (1966) 384 U.S. 436.

2

report did not state that Martinez claimed he gave Woodard the pill after obtaining the cigarette, Velez explained that Martinez made this statement during the videotaped interview at the police station.

The parties stipulated that, according to a laboratory analysis, the pill found on the ground next to Woodard was hydrocodone (Vicodin), a controlled substance, and that it was in a usable amount.

The defense called no witnesses.[2]

### B.  Jury Verdict and Sentence

The jury found Martinez guilty as charged.  The court suspended imposition of sentence and granted Martinez probation for three years.  A condition of Martinez's probation is that he abstain from using and possessing intoxicating beverages and controlled substances.  The court, however, ordered that Martinez's pill bottle and the remaining pills be returned to him, since he had a valid prescription.

This appeal followed.

## II.  DISCUSSION

We address Martinez's contentions in turn.

### A.  Instruction Defining "Furnishing"

The court instructed the jury on the elements of the charged crime, including the requirement that the prosecution prove Martinez "furnished or gave away a controlled substance."  The court further instructed that "furnish means, to supply by any means, by sale, or otherwise."  Martinez contends the court's definition of "furnish" constituted error.

---

[2]     Martinez argues that Officer Reinosa testified to his "interpretation of the law, drawing a distinction between 'showing' pills and 'furnishing' them:  [I]f he held the pill bottle so counsel could see it, that was 'showing[';] if he handed the pills to someone, that was 'furnishing.' "  Martinez misstates the record.  Reinosa did not purport to interpret the law or define "furnishing."  He was explaining the distinction in his mind between "showing" and "giving."  Defense counsel did not object.

The court's instruction was correct. Health and Safety Code section 11352, subdivision (a), makes it unlawful to transport, sell, furnish, administer, or give away specified controlled substances. "Furnish" is defined in Health and Safety Code section 11016 as having "the same meaning as provided in [former] Section 4048.5 of the Business and Professions Code." Section 4048.5 of the Business and Professions Code provided (and current Business and Professions Code section 4026 now provides): " 'Furnish' means to supply by any means, by sale or otherwise." Thus, the court's instruction conformed to the statutory language exactly.

Where, as here, the defendant has not requested any "elaboration or exposition of the principles of the statutory definition[ ]," " 'it cannot be said that it was error for the court in giving the law to have conformed to the language of the code, and to have omitted what the code itself omits.' " (*People v. Reed* (1952) 38 Cal.2d 423, 430 (*Reed*).)

Martinez nonetheless argues that the instruction was erroneous because, he claims, it prevented the jury from considering his defense—that he only *showed* the pill to Woodard so Woodard would know what to look for. In Martinez's view, the court should have instructed the jury that he "would not be guilty if he was merely showing the pill to Woodard and did not intend that Woodard retain possession of the pill." His argument is meritless.

In the first place, Martinez did not object to the court's instruction in the trial court, or propose any additional or alternative instruction, let alone the one he says the court should have given. He argues that he may nonetheless raise the issue now that the trial is over and he has been convicted, based on Penal Code section 1259.[3] But here, the instruction given by the court was not in itself an erroneous statement of the law, and Martinez's insistence that the court should have said something more amounts to a claim that the court's instruction was merely incomplete. Where

---

[3]     Penal Code section 1259 reads in part: "The appellate court may also review any instruction given, refused or modified, even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby."

4

the court has defined the elements of an offense using statutory language, "[t]he defendant will not be heard to complain where he has failed to request an amplification of an instruction in that form." (*Reed, supra*, 38 Cal.2d at p. 430.) "A party may not complain on appeal that an instruction correct in law and responsive to the evidence was *too general or incomplete* unless the party has requested appropriate clarifying or amplifying language." (*People v. Lang* (1989) 49 Cal.3d 991, 1024; *People v. Campos* (2007) 156 Cal.App.4th 1228, 1236; italics added.) Indeed, in this case, Martinez's defense counsel not only declined to object to the court's instruction or propose a modification or alternative instruction, he *relied* on the court's instruction—and even quoted it—in his closing argument to the jury.[4]

In any event, Martinez's argument is unavailing on the merits. Contrary to his contention, the court's instruction did not preclude the jury from considering his theory that he merely showed the pill to Woodard; nor could it have led the jury to convict him even if it found that he was just showing the pill. There is an obvious distinction between furnishing a pill by "supply[ing]" it to someone, and merely showing the pill to someone. If the jury had in fact found that Martinez merely showed Woodard the pill, the jury would not have convicted Martinez for actually *supplying* it.

Indeed, the prosecutor never argued that Martinez could be guilty if he merely showed the pill to Woodard, but instead argued that Martinez furnished the pill to Woodard in a transaction by which he *gave* Woodard the pill. Defense counsel also emphasized the distinction between showing the pill and furnishing it, arguing that "furnishing" was synonymous with "giving away," and the prosecutor failed to prove the crime because Martinez was merely showing the pill rather than giving it to

---

[4]     Martinez suggests that the court had a sua sponte duty to instruct on his "defense" that he was merely showing the pill. (Citing *People v. Dominguez* (2006) 39 Cal.4th 1141, 1148.) His "defense," however, was really an argument that the prosecutor had not proved the furnishing element of the offense, which the court *did* instruct upon. To the extent Martinez contends the instruction should have included something more, he fails to establish prejudicial error for the reasons stated in the text.

5

Woodard.  There is, therefore, no reasonable likelihood that the court's instruction misled the jury into convicting Martinez wrongfully.  Furthermore, there was at least substantial evidence from which the jury could have found that Martinez gave or supplied the pill to Woodard, rather than showing it:  Officer Velez saw Martinez put it in Woodard's hand, Woodard turned his back to Velez as he approached, and Martinez admitted that he gave Woodard a pill even though he knew it was wrong.  Considering the instruction in light of the evidence, the prosecutor's argument, and the argument of defense counsel, Martinez fails to establish prejudicial error.  (See *People v. Franco* (2009) 180 Cal.App.4th 713, 720 [court considers instructions as a whole in light of the entire record of the trial, including counsel's arguments, in deciding whether an instruction was proper]; *People v. Nem* (2003) 114 Cal.App.4th 160, 165 [to determine if it was reasonably likely the jurors had a prejudicial misunderstanding of an instruction, we consider the instruction, the trial record, and counsel's arguments].)[5]

B.  Condition of Probation

Martinez next contends the probation condition prohibiting him from using or possessing controlled substances is inconsistent with the court's direction that the Vicodin be returned to him.  He proposes that the probation condition be modified to "permit [him] to possess and use a controlled substance lawfully obtained by prescription."  Respondent asserts it has no objection to a modification of the probation condition, such that it "prohibit[s] the possession of a controlled substance for which [Martinez] lacks a valid prescription."  We will modify the probation

---

[5]     Martinez further contends the prosecutor suggested or implied that giving Vicodin to a close friend or relative would not constitute a crime.  Actually, the prosecutor was explaining that this was not a case in which a defendant showed a pill briefly to a relative, or gave antibiotics to a relative because there was no time to get to a doctor; to the contrary, this was an incident involving virtual strangers in an alleyway.  In this context, the prosecutor argued, the evidence could reasonably be interpreted to show the furnishing of a controlled substance within the meaning of the statute, especially in light of Woodard's and Martinez's reaction to Officer Velez's approach.  In any event, nothing in the prosecutor's statement would have misled the jury into convicting Martinez for furnishing a controlled substance if he merely showed the pill to Woodard.

6

condition as set forth in the Disposition.  (See *In re H.C.* (2009) 175 Cal.App.4th 1067, 1073; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816.)

## III.  <u>DISPOSITION</u>

The probation condition that Martinez abstain from the use and possession of intoxicating beverages and controlled substances is modified to read that Martinez abstain from the use and possession of intoxicating beverages and from the use and possession of a controlled substance for which he lacks a valid prescription.  In all other respects, the judgment is affirmed.

_____

NEEDHAM, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.

7