Filed 9/18/14  In re A.M. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| In re A.M., a Person Coming Under the Juvenile Court Law. | B251087 (Los Angeles County Super. Ct. No. KJ37078) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>A.M.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Geanene Yriarte, Judge.  Affirmed with modifications.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

The juvenile court sustained a Welfare and Institutions Code section 602 petition alleging that appellant A.M. committed felony vandalism (Pen. Code, § 594, subd. (a)) and possessed implements to commit vandalism (Pen. Code, § 594.2, subd. (a)). We modify two conditions of probation and otherwise affirm the juvenile court's order.

## FACTS AND PROCEDURE

Interpreting the evidence in the light most favorable to the judgment, the record shows that appellant acted as a lookout while his companion committed numerous acts of vandalism using orange spray paint. (*In re Roderick P.* (1972) 7 Cal.3d 801, 809 [review of sufficiency of the evidence claims in juvenile context is same as in criminal cases].) Appellant looked up and down the street as his companion painted letters eight to 12 times on a fence, poles, a door, a fire hydrant, and signs. The property damage from the vandalism was in an amount greater than $400.

Appellant was reported, caught, and searched by a police officer. Appellant was carrying two "slap tags," which are stickers commonly placed on signs, walls, or other private or public property. The stickers are a method of quickly vandalizing property.

At trial, no witness testified for the defense.

The court sustained the allegations that appellant committed felony vandalism and possessed the implements to commit vandalism, a misdemeanor. The court emphasized that appellant and his companion moved together through numerous acts of vandalism.

Appellant was permitted to remain in his home with specified conditions. Those conditions included: (1) "[D]o not be within one block of any school ground unless enrolled, attending classes, on approved school business or with [a] school official, parent, or guardian"; and (2) "[D]o not associate with any tagging crews or any individual from the JKS crew."

## DISCUSSION

### 1. *Sufficiency of the Evidence*

Appellant challenges the sufficiency of the evidence to sustain the petition. We conclude ample evidence supported both counts.

"In determining the sufficiency of the evidence, 'the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' [Citation.] '[T]he court must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.'" (*In re Z.A.* (2012) 207 Cal.App.4th 1401, 1424-1425.)

Appellant clearly aided and abetted his companion's spray painting of graffiti on signs, a fire hydrant, poles, and a fence. To aid and abet, a defendant must aid, promote, or encourage the perpetrator with the intent to help the perpetrator commit the crime. (*People v. Cooper* (1991) 53 Cal.3d 1158, 1164.) Here, appellant followed his companion to each location and looked up and down the street as his companion spray-painted the public and private property. Appellant knew what his companion was doing as he accompanied his companion to each location. Evidence that he looked around supports the inferences that he intended to assist his companion avoid detection even though appellant has provided other possible explanations for his behavior. The evidence is sufficient to show that he aided and abetted the act of vandalism. (See *People v. Campbell* (1994) 25 Cal.App.4th 402, 409 ["concerted action reasonably implies a common purpose"].) Although mere presence at the scene is insufficient (*People v. Salgado* (2001) 88 Cal.App.4th 5, 15), here appellant was not merely present; he acted as the lookout.

Evidence also supported the juvenile court's finding that appellant possessed instruments to produce vandalism. The only evidence in the record was that the stickers appellant possessed commonly were used to commit vandalism. The stickers could be used to quickly mark surfaces. (*In re Angel R.* (2008) 163 Cal.App.4th 905, 914.) Appellant knew about graffiti because he acted as a lookout as his companion painted graffiti at least eight times. The juvenile court could infer that appellant intended to use the stickers to vandalize property, especially given that it was undisputed that type of

sticker was generally used for that purpose. Appellant's argument that the stickers found on him were not of the type commonly used to deface property is not supported by any evidence in the record.

**2. *Probation Conditions***

Appellant argues and respondent agrees that the two probation conditions quoted above must be amended.

*a. School Restriction*

Appellant was ordered not to be "within one block of any school ground unless enrolled, attending classes, on approved school business, or with [a] school official, parent, or guardian." Respondent argues the condition should be modified as follows: "Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities." In his reply brief, appellant agrees with respondent's proposed revision.

In *In re D.G.* the court modified a probation condition similar to the one imposed in this case in the identical manner suggested by respondent. (*In re D.G.* (2010) 187 Cal.App.4th 47, 57.) *In re D.G.* involved a first degree burglary and the receipt of stolen property, but the crimes were neither committed near a school, nor involved classmates or other juveniles. (*Id.* at pp. 50, 51.) The *D.G.* court found "no reasonable basis for the juvenile court's condition prohibiting appellant from coming within 150 feet of any school." (*Id.* at p. 53.) "First, there is no relationship between school or students and appellant's current or past crimes. None were committed on school grounds; none involved school-age children; and none involved uniquely juvenile conduct. [T]here is no reason to believe the current restriction will serve the rehabilitative function of precluding appellant from any future criminal acts." (*Ibid.*) As the parties argue, it is appropriate to similarly modify the condition in this case.

*b. Tagging Crew Restriction*

The juvenile court ordered appellant not to "associate with any tagging crews or any individual from the JKS crew." Appellant argues that the condition should be limited

4

to prohibit from associating "with individuals whom he knows are members of the JKS crew or any other tagging crew."

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness.  [Citation.]  A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad."  (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.)  Absent a knowledge requirement, the probation condition that defendant "'not associate with anyone disapproved of by probation'" was held unconstitutionally vague.  (*Id*. at pp. 878, 891-892.)  Imposing a knowledge requirement would render the provision constitutional. (*Id.* at p. 892.)

As appellant argues and respondent concedes, the condition here similarly should be amended to add the knowledge requirement.  (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1072 [adding knowledge requirement to probation condition prohibiting defendant from associating with any member of a criminal street gang].)

## DISPOSITION

The two conditions of probation discussed in this opinion are modified as follows: (1) Appellant shall not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities; and (2) appellant shall not associate with individuals whom he knows are members of the JKS crew or any other tagging crew.  In all other respects the juvenile court's order is affirmed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.                              GRIMES, J.

5