Filed 10/9/14  P. v. Salvatierra CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040338 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1362329) |
| v. | |
| AUGUSTINE SALVATIERRA, | |
| Defendant and Appellant. | |

## INTRODUCTION

Defendant Augustine Salvatierra contends that the probation conditions prohibiting him from possessing or consuming alcohol or controlled substances are vague and overbroad.  The Attorney General agrees that the challenged probation conditions should be modified to include a knowledge requirement.  We will modify the challenged conditions to include an express knowledge requirement.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 13, 2013, the district attorney filed a complaint charging defendant with stalking (Pen. Code, § 646.9, subd. (a)[1]; count 1), grand theft (§§ 484/487(c); count 2), and attempting to dissuade a victim or witness from reporting a crime (§ 136.1, subd. (b)(1); count 3).  On August 30, 2013, the district attorney amended the complaint

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

to reduce count 2 to misdemeanor petty theft (§§ 484/488, subd. (a)). Defendant then pleaded no contest to stalking and pleaded guilty to the two misdemeanors.

On November 4, 2013, the trial court suspended imposition of sentence and placed defendant on probation for three years. The court imposed several terms and conditions. One of the conditions mandates that defendant "shall not possess or consume alcohol or illegal substances or knowingly go to places where alcohol is the primary item of sale." Another condition orders that defendant "is not to possess or use illegal drugs or illegal controlled substances or go anywhere he/she knows illegal drugs or non prescribed controlled substances are used or sold."

## DISCUSSION

Defendant contends that the two probation conditions prohibiting his possession or consumption of alcohol or controlled substances are unconstitutionally vague and overbroad because they lack an express knowledge requirement. He asserts that the conditions must be modified to include a knowledge element. The Attorney General agrees that the conditions should be modified to read that defendant may not "knowingly" possess or consume alcohol or controlled substances.

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121; *People v. Leon* (2010) 181 Cal.App.4th 943, 948 (*Leon* ).) However, probation conditions may be challenged on the grounds of unconstitutional vagueness and overbreadth. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630 (*Lopez*).) A probation condition may be " 'overbroad' " if in its reach it prohibits constitutionally protected conduct. (*Ibid.*) "The underlying concern of the vagueness doctrine is the core due process requirement of adequate notice." (*Ibid.,* italics omitted.) A probation condition which either forbids or requires the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, violates due process. To

2

avoid being void for vagueness, a probation condition " 'must be sufficiently precise for the probationer to know what is required of him. . . .' [Citations.]" (*Ibid.*) Absent a requirement that the defendant know he or she is disobeying the condition, the defendant is vulnerable, and unfairly so, to punishment for unwitting violations of that condition. (See *Id.* at pp. 628-629.)

This court, as well as several other appellate courts have frequently modified probation conditions to include an express knowledge requirement in order to give clear notice to the defendant and probation authorities of what will constitute a violation. (See *In re Sheena K.* (2007) 40 Cal.4th 875, 892 (*Sheena K.*); *People v. Pirali* (2013) 217 Cal.App.4th 1341, 1350-1353; *People v. Barajas* (2011) 198 Cal.App.4th 748, 761, fn. 10; *Leon*, *supra*, 181 Cal.App.4th at pp. 950- 951; *In re H.C.* (2009) 175 Cal.App.4th 1067, 1070-1073; *People v. Freitas* (2009) 179 Cal.App.4th 747, 750-751, 753.) Such a "modification to impose an explicit knowledge requirement is necessary to render the condition[s] constitutional." (*Sheena K.*, *supra,* at p. 892.) Accordingly, we will modify the two challenged conditions to include an express knowledge requirement.

### DISPOSITION

The order of probation is modified to reflect the following changes:

Condition 17: "The defendant shall not knowingly possess or consume alcohol or illegal substances or knowingly go to places where alcohol is the primary item of sale."

Condition 18: "The defendant is not to knowingly possess or use illegal drugs or illegal controlled substances or go anywhere he/she knows illegal drugs or non prescribed controlled substances are used or sold."

As modified, the judgment is affirmed.

3

_____
RUSHING, P.J.

WE CONCUR:


_____
ELIA, J.


_____
MÁRQUEZ, J.

4