Filed 4/7/17; pub. order 5/2/17 (see end of opn.)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re OSWALDO R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>OSWALDO R.,<br><br>    Defendant and Appellant. | A148364<br><br>(Solano County<br>Super. Ct. No. J43300) |

Oswaldo R. appeals from orders of the juvenile court continuing a previously declared wardship and probation. He challenges a condition of probation requiring him not to "participate in gang-related activities" as unconstitutionally vague because it lacks an express knowledge requirement. We affirm the orders.

**STATEMENT OF THE CASE**

Appellant, then 14 years of age, was initially declared a ward of the court and placed on probation on March 10, 2016, after he admitted the allegation of a Welfare and Institutions Code section 602 petition that he committed misdemeanor battery on the property of a school, park, or hospital (Pen. Code, § 243.2).[1] The court dismissed an allegation of felony resisting an executive officer (Pen. Code, § 69).

_____

[1] Further statutory references will be to the Penal Code except as otherwise specified.

1

The present section 602 petition, filed on April 6, 2016, alleged two counts of felony vandalism causing damage of over $400. On April 19, the probation officer filed a notice of hearing alleging that appellant had violated probation by failing to obey all laws, comply with his court-ordered curfew, attend school and behave appropriately in school. At a hearing on April 27, pursuant to the parties' agreement, appellant admitted the first count, reduced to a misdemeanor, and the second count and allegations of probation violations were dismissed.[2]

On May 11, the court continued appellant as a ward, removed him from parental custody and committed him to the custody of the probation officer for placement in the New Foundations program at Juvenile Hall. The court ordered conditions of probation, including gang terms to which appellant objected.

Appellant filed a timely notice of appeal on May 12, 2016.

## DISCUSSION

Among the gang terms imposed as conditions of probation, the court ordered that appellant "shall not be in any specific locations where gang members are known by him to meet or gather or specific locations known by him for gang-related activity or specified by his probation officer or a parent, in writing, as involving gang-related activity, *nor shall he participate in any gang-related activity*." (Italics added.)[3] Appellant's sole

---

[2] The underlying facts, which are not relevant to the only issue raised on this appeal, were summarized in the probation officer's supplemental report, based on the police department's report concerning the incident. About 11:00 p.m. on March 21, 2016, appellant and another minor were contacted by police officers regarding reported vandalism in which two vehicles owned by members of the same family had their windshields smashed by what was later determined to be a baseball bat. The minors had attempted to flee but were detained by members of the victims' family. Appellant initially denied responsibility, then later admitted briefly holding the bat but denied damaging the cars. Appellant admitted drinking alcohol and associating with the Norteno Gang, and the officers observed that he was wearing a long red necklace with a cross, an item "closely associated with the Norteno Gang."

[3] As stated in the court's disposition order, the condition read: "The Minor shall not be in any 'specific locations' where gang members are known by the Minor to meet or gather or 'specific locations' known by the Minor for gang-related activity, or

2

contention on appeal is that the italicized language lacks an express knowledge requirement and is facially vague in violation of his due process rights.

Citing our decision in *In re Victor L.* (2010) 182 Cal.App.4th 902 (*Victor L.*), appellant contends that the portion of the probation condition forbidding him from participating in gang activities is unconstitutionally vague because the activities it prohibits are "neither specified nor obvious." He argues the condition should be modified to include an express knowledge requirement in order to provide advance warning that he would violate the condition only if he knew beforehand—from personal knowledge or notification by his probation officer—that the activity in which he engaged was prohibited "gang-related activity."[4]

As we explained in *Victor L.,* "[u]nder the void for vagueness doctrine, based on the due process concept of fair warning, an order ' "must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." ' (*Sheena K., supra,* 40 Cal.4th at p. 890.) The doctrine invalidates a condition of probation ' " 'so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.' " ' (*Ibid.*) By failing to clearly define the prohibited conduct, a vague condition of probation allows law enforcement and the courts to apply the restriction on an ' " '*ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' " ' (*Ibid.*)" (*Victor L., supra,* 182 Cal.App.4th at p. 910.)

*Victor L.* found it necessary to add a knowledge requirement to probation conditions which otherwise left uncertain what was required of the minor. For example, a condition requiring him not to associate with "any person prohibited by his parent or

specified by his/her Probation Officer or parent in writing as involving gang-related activity, *nor shall he/she participate in any gang-related activity.*" (Italics added.)

[4] This claim is cognizable on appeal despite appellant's failure to object on this specific ground in the juvenile court because it is "capable of correction without reference to the particular sentencing record developed in the trial court," presenting "a pure question of law, easily remediable on appeal by modification of the condition." (*In re Sheena K.* (2007) 40 Cal.4th 875, 885, 887-889 (*Sheena K.*).)

probation officer" was modified to prohibit him from associating "with anyone whom *the Minor knows* a parent or the probation officer prohibits association"; a condition requiring him not to "remain in any building or vehicle, or in the presence of any person, where  dangerous or deadly weapons or firearms or ammunition exist" was modified to prohibit him from remaining in such locations or presence where "*the Minor knows one or more*" dangerous or deadly weapons, firearms or ammunition exist.  (*Victor L.*, *supra*, 182 Cal.App.4th at pp. 911-913, 931-932.)  Absent addition of the knowledge requirement, these conditions did not inform the minor *in advance* which persons and places he was required to avoid.  (*Id.* at pp. 911-913; see *Sheena K., supra,* 40 Cal.4th at pp. 890-892.)

Appellant relies upon our discussion in *Victor L.* of a condition requiring that he " 'not be in any areas where gang members are known by Minor to meet or get together, or areas known by Minor for gang-related activity, nor participate in any gang activity." (*Victor L.*, *supra*, 182 Cal.App.4th at p. 913, fn. 7.)  The minor challenged the portion of this condition requiring him to stay away from " 'areas known by [him] for gang-related activity.' " (*Ibid*.)  We held that although it included a knowledge requirement, the condition was impermissibly vague because "it does not provide notice of what areas he may not frequent or what types of activities he must shun." (*Id.* at p. 914.)  In particular, we noted that "the word 'activity' is one of surpassing breadth.  One dictionary defines it, inter alia, as 'the quality or state of being active,' with 'active' being defined as, 'characterized by action rather than contemplation or speculation.'  (Webster's New Collegiate Dict. (1981) p. 12.)  The use of the phrase 'gang-related activity' in the condition of probation raises the specter that it could be misapplied by law enforcement unless further specification were provided.  (*Id.* at p. 915.)  And, without further specificity, the condition was "not sufficiently clear to put Victor on notice of the prohibited conduct.  The ambiguity of the chosen language conjures up divergent possible definitions of the term 'gang-related activity,' and reasonable minds may differ

4

as to precisely which 'areas' would come within the condition's purview." (*Id.* at p. 916.)[5]

Our concern in *Victor L.* was with the broadness of the term "activity" as used to define locations the minor was required to avoid. (*Victor L., supra,* 182 Cal.App.4th at pp. 915-917.) We noted that " '[a]n area with "gang related activity" might be, in some instances, an entire district or town[,]' " that "if a minor lived within the area described by the gang-related boundaries, his banishment from it would be constitutionally suspect" and that if the minor worked or went to school in such an area, the condition would need to permit travel to these locations. (*Id.* at pp. 916-917, quoting *In re H.C.* (2009) 175 Cal.App.4th 1067, 1072.) We modified the condition to state that the minor " 'shall not be in any areas where gang members are known by Minor to meet or get together, or areas known by Minor for gang-related activity (*or specified by his probation officer as involving gang-related activity*), nor *shall he* participate in any gang activity.' " (*Victor L.*, at pp. 917-918, 931–932.)

*Victor L.* did not require modification of the last portion of the condition requiring the minor not to "participate in any gang activity"—the condition at issue in the present case—to add a knowledge requirement. This portion of the condition was not challenged in *Victor L.*, and in keeping with the challenge that *was* raised in that case, our focus was on giving the minor notice of the areas he was required to avoid.

Respondent initially maintains that modification of the condition is unnecessary because "[g]iven the requirement that the probation officer or parent notify appellant of what constitutes a location known for gang-related activity, it is implicit that any activity violating the condition must be known to appellant to be gang-related." In respondent's

---

[5] The minor in *Victor L.* suggested that because gang members "might mail a letter at the post office 'for the benefit' of a street gang, or might purchase groceries 'in association' with other gang members (Pen. Code, § 186.22, subd. (b)(1))," he "might be guilty of violating probation simply by shopping at the same grocery store or using the same post office that other gang members patronize." (*Victor L.*, *supra*, 182 Cal.App.4th at p. 915.) Although we agreed the probation condition required additional specificity, we noted that we did not believe the suggested interpretation of the condition would be reasonable. (*Ibid.*)

view, the knowledge requirement stated in the part of the condition requiring appellant to stay away from areas of gang-related activity need not be repeated in the portion requiring him to refrain from participating in gang-related activities. The grammatical construction of the condition, however, does not support this argument. The condition imposes three requirements—that appellant not be in any "specific locations" where gang members meet or gather, that he not be in any specific locations of gang-related activity, and that he not participate in gang-related activity. Each of the first two requirements includes an express knowledge component: "He shall not be in any specific locations where gang members are *known by him* to meet or gather or specific locations *known by him* for gang-related activity or *specified by his probation officer or a parent, in writing, as involving gang-related activity . . . .*" The third requirement states simply, "nor shall he participate in any gang-related activity." Given the express inclusion of a knowledge component for each of the first two requirements (avoid locations where gang members meet or gather, avoid locations of gang-related activity), it is not reasonable to imply the knowledge component into the third requirement (no participation in gang-related activity), as to which it was not similarly stated. This is particularly true as the condition is structured to state the third requirement as distinct from the first two, separated from them by a comma.

Respondent argues that the recent decision in *People v. Hall* (2016) 2 Cal.5th 494, 497 (*Hall*) establishes that the probation condition at issue in the present case does not require modification. The probation conditions challenged in *Hall* prohibited possession of firearms or illegal drugs without explicitly stating they applied only to "knowing" possession. (*Ibid.*) The Supreme Court rejected the argument that these conditions were unconstitutionally vague in that they did not expressly define the mens rea necessary to sustain a probation violation, holding that the conditions "include[d] an implicit requirement of knowing possession" and therefore afforded the defendant fair notice of the required conduct. (*Ibid.*) The *Hall* court explained that "California case law already articulates not only a general presumption that a violation of a probation condition must be willful, but also specifically provides that probation conditions barring possession of

contraband should be construed to require knowledge of its presence and its restricted nature." (*Id.* at p. 501.) Since case law requires the conditions to be construed as prohibiting *knowing* possession of the contraband, their substance would not be changed if they were modified to include the word "knowingly." (*Id.* at pp. 503-504.) While trial courts are free to explicitly "specify the requisite mens rea" when imposing such a probation condition, inclusion of the express knowledge requirement is not constitutionally compelled. (*Ibid.*)

*Hall* distinguished the argument made in that case—that the conditions were vague because they did not "articulate the requisite scienter"—from the argument in *Sheena K., supra,* 40 Cal.4th at pages 890-891, where the minor was prohibited from associating with " 'anyone disapproved of by probation' " and claimed "that the category of prohibited persons was vague, in that the condition failed to specify *which persons* the probation officer had disapproved of." (*Hall, supra,* 2 Cal.5th at pp. 502-503.) The *Hall* court noted that *Sheena K.* did not modify the no-association condition to require that the probationer avoid "*knowingly* associating with the specified group of persons." (*Hall*, at pp. 502-503.) Doing so would not have clarified which persons the minor was required to avoid.

Respondent either misunderstands or ignores the fact that appellant's argument in the present case is of the type considered in *Sheena K.* and *Victor L.*, not the type considered in *Hall*. Appellant is not suggesting that although he understands what activities he is barred from participating in, he might nevertheless unwittingly participate in one, and he is not asking that the condition be modified to include the requirement that he not participate in the prohibited activities "knowingly." If it is not clear what activities constitute "gang related activities," directing appellant not to "knowingly" participate in them would not make any clearer what activities he is required to avoid. His argument is that because the term "activity" is so broad, he cannot ascertain in advance what activities he is required to avoid. He is concerned, for example, that he might engage in what he believes to be innocent behavior, such as "attending a particular musician's concert at a multi-purpose venue or watching an automobile sideshow on a public street," only to

7

learn that his probation officer viewed it as forbidden conduct. Consequently, he seeks the sort of modification ordered in *Sheena K.*, to specify that he is not to participate in activities he knows *or is informed by a probation officer* are gang-related.[6]

Nevertheless, *Hall* does lead us to conclude that the modification appellant seeks is not required. As *Hall* explained, the nature of the condition in *Sheena K.*, which was defined by reference to the probation officer's approval, was such that the minor had no way to know which people she was required to avoid unless she was specifically informed. The present case does not present the same problem, because the scope of the condition is readily ascertainable.

In determining whether a probation condition is "sufficiently definite," a court "is not limited to the condition's text" but "must also consider other sources of applicable law." (*Hall, supra,* 2 Cal.5th at p. 500.) A provision "is not void for vagueness ' "if its terms may be made reasonably certain by reference to other definable sources." ' " (*Id.* at pp 500-501, quoting *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1117

---

[6] *Hall* was decided after briefing in the present case was complete. In response to our request for a supplemental letter brief addressing the application of *Hall*, respondent fails to distinguish between the type of probation conditions addressed in *Hall*, which sufficiently define the required conduct and therefore need not include an express knowledge requirement in order to "prevent unwitting violations" (*Hall, supra,* 2 Cal.5th at p. 503, fn. 2), and conditions that are "not easily amenable to precise definition" (*People v. Moore* (2012) 211 Cal.App.4th 1179, 1185), which is what appellant actually claims here. Respondent's prior briefing also fails to address the substance of appellant's argument. The majority of its brief discusses the reasonableness of the gang condition, a point appellant did not challenge. Respondent then attempts to distinguish *Victor L.* by focusing on the condition we found vague and modified to include a knowledge requirement—that the minor not "remain" in locations or in the presence of persons where dangerous or deadly weapons or ammunition existed—and arguing that the condition challenged in the present case does not contain the word "remain." Respondent's point, apparently, is that *Victor L.* does not support finding an express knowledge requirement necessary in the present case because our only reason for requiring modification in *Victor L.* was that the word "remain" did not inherently establish a knowledge requirement. (*Victor L., supra,* 182 Cal.App.4th at p. 912.) That point has no apparent bearing on whether the condition in the present case, prohibiting participation in gang-related activities, sufficiently describes what activities appellant is required to avoid.

(*Acuna*).) "Thus, a probation condition should not be invalidated as unconstitutionally vague ' " 'if any reasonable and practical construction can be given to its language.' " ' " (*Hall*, at p. 501, quoting *Williams v. Garcetti* (1993) 5 Cal.4th 561, 567.)

The challenged condition was one of a number imposed with reference to the law concerning criminal street gangs. The gang terms, as printed on the dispositional order and as stated orally by the court, began with the order that appellant "not be a member of any gang, meaning a 'criminal street gang' as defined in Penal Code Section 186.22(f) . . ." According to the statutory definition, " 'criminal street gang' means any ongoing organization, association, or group of three or more persons, whether formal or informal, having as one of its primary activities the commission of one or more of the criminal acts enumerated in paragraphs (1) to (25), inclusive, or (31) to (33), inclusive, of subdivision (e), having a common name or common identifying sign or symbol, and whose members individually or collectively engage in or have engaged in a pattern of criminal gang *activity*." (§ 186.22, subd. (f), italics added.)

"[I]n evaluating challenges based on claims of vagueness, . . . '[t]he particular context is all important.' " (*Acuna*, *supra*, 14 Cal.4th at p. 1116.) The statutory definition of criminal street gang, together with other provisions of section 186.22, necessarily inform further references to "gang" in the probation conditions, including the phrase "gang-related activity." Section 186.22, subdivision (e), defines "pattern of criminal gang activity" as "the commission of, attempted commission of, conspiracy to commit, or solicitation of, sustained juvenile petition for, or conviction of two or more of the following offenses," committed on separate occasions, by two or more persons, within a specified time frame; the "following offenses" are a list of 33 criminal acts ranging from homicide to unlawful use of personal identifying information. (*Ibid.*) Under section 186.22, subdivision (a), the offense of participation in a criminal street gang is committed by a person who "actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang. . . ." An enhancement must be imposed if a person "is

9

convicted of a felony committed for the benefit of, at the direction of, or in association with any criminal street gang, with the specific intent to promote, further, or assist in any criminal conduct by gang members. . . ." (§ 186.22, subd. (b)(1).)

Considered in context, it is apparent that the "gang-related activity" referred to in the probation condition is activity facilitating or involving the commission of crimes for the benefit of or in association with a criminal street gang. The phrase cannot reasonably be understood as applying to lawful activities that happen to take place where gang members are present.

The *Hall* court, referring to the argument that inclusion of an express knowledge requirement in the probation condition was preferable to courts construing weapon and drug possession conditions as requiring knowledge of the contraband's presence and its restricted nature, commented, "At core, what defendant seeks through modification is 'absolute clarity' in the text of the condition itself, without the need to rely on 'a judicial construction.' But the question before us is not whether this degree of precision would be desirable in principle, but whether it is constitutionally compelled. As we have previously observed, the vagueness doctrine demands ' "no more than a reasonable degree of certainty." ' " (*Hall*, *supra*, 2 Cal.5th at p. 503, quoting *Acuna*, *supra*, 14 Cal.4th at p. 1117.)

So, here, appellant seeks "absolute clarity" in the text of the condition. Both to inform the probationer and to guard against the possibility of arbitrary enforcement, we encourage trial courts to provide as much clarity in probation conditions as reasonably possible. Because the condition in the present case provides " ' "a reasonable degree of certainty" ' " (*Hall*, *supra*, 2 Cal.5th at p. 503), however, we cannot find it unconstitutionally vague.

## DISPOSITION

The judgment is affirmed.

10

_____
Kline, P.J.

We concur:


_____
Stewart, J.


_____
Miller, J.

11

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re OSWALDO R., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. OSWALDO R., Defendant and Appellant. | A148364 (Solano County Super. Ct. No. J43300) **ORDER CERTIFYING OPINION FOR PUBLICATION** |

THE COURT:

The opinion in the above-entitled matter, filed on April 7, 2017, was not certified for publication in the Official Reports. For good cause, appellant's request for publication is granted.

Pursuant to California Rules of Court, rules 8.1105 and 8.1120, the opinion is ordered certified for publication in the Official Reports.

Dated: _____          _____
                                                          Kline, P.J.

1

Trial Court:                              Solano County Superior Court

Trial Judge:                             Hon. D. Scott Daniels


Attorneys for Appellant:                 By Appointment of the Court
                                         of Appeal Under the First District
                                         Appellate Project

                                         Kathryn Seligman

Attorneys for Respondent;                Kamala D. Harris
                                         Attorney General of the State of California

                                         Gerald A. Engler
                                         Chief Assistant Attorney General

                                         Jeffrey M. Laurence
                                         Senior Assistant Attorney General

                                         Donna M. Provenzano
                                         Supervising Deputy Attorney General

                                         Aileen Bunney
                                         Deputy Attorney General