[No. C049808. Third Dist. May 16, 2006.]

IN RE ALI A., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALI A., Defendant and Appellant.

**COUNSEL**

Grace Lidia Suarez for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, and Wanda Hill Rouzan, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**ROBIE, J.**—The question in this juvenile wardship proceeding is whether the juvenile court has discretion to set a maximum term of physical confinement when the court commits the minor to the custody of his parents subject to probationary supervision, rather than to the custody of the California Department of Corrections and Rehabilitation, Division of Juvenile Facilities (formerly, the Department of the Youth Authority) (hereafter, the CYA). The answer to that question is "no." When a juvenile ward is allowed to remain in his parents' custody, there is no physical confinement and therefore no need to set a maximum term of confinement. Consequently, the maximum term of confinement included in the dispositional order here is of no legal effect.

## DISCUSSION

Ali A. (hereafter, the minor) and his companion attempted to rob a woman on the street. The juvenile court sustained a charge of attempted robbery against the minor, declared him a ward of the court, and committed him to the custody of his parents under the supervision of a probation officer.

At the commencement of the disposition hearing, the court stated that "[t]he maximum confinement term is three years."[1] The minute order of the hearing notes that "[t]he minor was advised and understood the maximum term of confinement, to wit: 3 YEARS."

On appeal, the minor contends the juvenile court failed to exercise its discretion in setting the maximum term of physical confinement pursuant to Welfare and Institutions Code section 731, subdivision (b) (hereafter, section 731(b)). The minor is mistaken, because that statute does not apply here. Section 731(b) provides as follows: "A minor committed to the Department of the Youth Authority may not be held in physical confinement for a period of time in excess of the maximum period of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. A minor committed to the Department of the Youth Authority also may not be held in physical confinement for a period of time in excess of the maximum term of physical confinement *set by the court* based upon the facts and circumstances of the matter or matters which brought or continued the minor under the jurisdiction of the juvenile court, which may not exceed the maximum period of adult confinement as determined pursuant to this section." (Italics added.)

Relying on the second sentence set forth *ante*, which the Legislature added to the statute in 2003, the appellate court in *In re Sean W.* (2005) 127 Cal.App.4th 1177 [26 Cal.Rptr.3d 248] (involving a commitment to CYA) held that section 731(b) "unambiguously provides that the juvenile court has discretion to set a maximum term of physical confinement, based on the facts and circumstances of the case, so long as that term does not exceed the maximum period that could be imposed on an adult convicted of the same offense." (*In re Sean W., supra,* 127 Cal.App.4th at p. 1183.) Independently, this court came to the same conclusion in *In re Jacob J.* (2005) 130 Cal.App.4th 429 [30 Cal.Rptr.3d 255], where a commitment to CYA was also involved.

The minor contends that section 731(b) applies here, but he is mistaken. By its express terms, that statute applies only to "[a] minor committed to the Department of the Youth Authority." The minor here was not committed to

---

[1] Since the attempt did not fall within the circumstances described by Penal Code section 212.5, subdivisions (a) or (b), the offense was, as a matter of law, attempted second degree robbery. (See Pen. Code, § 212.5, subd. (c).) The maximum term of imprisonment that can be imposed on an adult for attempted second degree robbery is three years. (See Penal Code, §§ 213, subd. (b) ["Notwithstanding Section 664, attempted [second degree] robbery . . . is punishable by imprisonment in the state prison"], 18 ["Except in cases where a different punishment is prescribed by any law of this state, every offense declared to be a felony, or to be punishable by imprisonment in a state prison, is punishable by imprisonment in any of the state prisons for 16 months, or two or three years"].)

the CYA, but instead was committed to the custody of his parents, subject to the supervision of a probation officer.

Given that the juvenile court did not commit the minor to the CYA, one may well ask why the court's dispositional order included a maximum term of confinement. The answer to that question may be Welfare and Institutions Code section 726, subdivision (c) (hereafter, section 726(c)), which provides as follows:

"If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." [¶] . . . [¶]

" 'Physical confinement' means placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home pursuant to Section 730, or in any institution operated by the Youth Authority."

Section 726(c) deals with "the maximum term of confinement in juvenile wardship cases generally," while section 731(b) deals with "juvenile court discretion in setting the maximum term of confinement in CYA cases." (*In re Sean W., supra*, 127 Cal.App.4th at p. 1187.) Thus, even when a minor is not committed to the CYA, section 726(c) requires the juvenile court to specify that the minor may not be confined for a period in excess of the maximum term of imprisonment which could be imposed on an adult convicted of the offense that brought the minor under the jurisdiction of the juvenile court. By its express terms, however, section 726(c) applies only "[i]f the minor is removed from the physical custody of his or her parent or guardian . . . ."

Here, the minor was *not* removed from the physical custody of his parents; instead, the juvenile court committed the minor to the custody of his parents, subject to supervision on probation. (See *In re Kazuo G.* (1994) 22 Cal.App.4th 1, 8 [27 Cal.Rptr.2d 155] [" 'Probation' is nowhere defined in the juvenile court law, but there is little doubt that a grant of juvenile probation is an order of release into the community. That is, a minor placed on probation ordinarily remains in physical custody of the parent."].) Thus, section 726(c), like section 731(b), does not apply, and the juvenile court was not required by the latter statute to include a maximum term of confinement in its dispositional order.

In the event the minor violates the terms of his probation, a further noticed hearing will have to be held before he is subjected to a modified disposition

removing him from his parents' custody. (See Welf. & Inst. Code, § 777.) If that happens, then at *that* time the juvenile court will have to comply with section 726(c) and, if applicable, section 731(b) in setting and/or declaring the maximum term of physical confinement. In the meantime, the maximum term of confinement contained in the current dispositional order is of no legal effect. Because the minor is not prejudiced by the presence of this term, there is no basis for reversal or remand in this case.[2]

## DISPOSITION

The judgment (order of probation) is affirmed.

Sims, Acting P. J., and Hull, J., concurred.

---

[2] The minor suggests that if this maximum term of confinement is not stricken and he is later committed to the CYA, the judge responsible for that disposition may believe he or she is required to impose the three-year maximum term contained in the present order. We trust that will not occur, as this opinion will be part of the file in this proceeding, and we have made it clear that the maximum term of confinement in the present order is of no legal effect.