Filed 8/1/13  In re J.Y. CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re J.Y., a Person Coming Under the Juvenile Court Law. | B245688 (Los Angeles County Super. Ct. No. GJ29682) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>J.Y.,<br><br>        Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County.  Robin Miller Sloan, Judge.  Affirmed as modified.

Lynette Gladd Moore, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul M. Roadarmel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

* * * * * *

The juvenile court sustained a petition filed pursuant to Welfare and Institutions Code section 602, and found minor J.Y. (appellant) committed the offense of misdemeanor battery on a school employee, under Penal Code section 243.6. Appellant was placed home on probation. Appellant contends the reference to a maximum period of confinement should be stricken from the dispositional minute order because the court did not impose a maximum term. The People concede the error.

We shall order the dispositional minute order amended accordingly. Otherwise, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 7, 2012, Joel Blassio was teaching a math class at Tobinworld School—a school for special education students. Appellant stood up and refused to sit down when asked to do so by Blassio. Blassio placed demerits on appellant's merit system tally sheet for noncompliance. Appellant threw a desk on its side and charged at Blassio. Appellant punched Blassio with a closed fist on the side of the head. Blassio suffered swelling on his head and an injury to his eye.

Following a contested hearing the juvenile court declared appellant a ward of the court, and placed him home on probation with numerous conditions. The court made no reference to a maximum period of confinement.

## CONTENTION

Appellant's sole contention on appeal arises from the following discrepancy between the juvenile court judge's oral pronouncement of sentence and the November 26, 2012 minute order reflecting that sentence. The minute order shows that condition No. 26 was imposed. The minute order contains the following language for condition No. 26: "Minor may not be held in physical confinement for a period to exceed 1 yr[]." Appellant contends the minute order must be corrected to conform to the juvenile court's oral pronouncement of judgment by striking the reference to a period of confinement.

## DISCUSSION

Because the oral pronouncement of sentence prevails over the minute order (*People v. Farell* (2002) 28 Cal.4th 381, 384, fn. 2), the entry is a mistake and is subject

2

to correction (*People v. Mesa* (1975) 14 Cal.3d 466, 471–472). The minute order's reference to a maximum term of confinement is erroneous because (1) the court made no such oral pronouncement, and (2) no maximum term applies where, as here, the minor is placed home on probation.

The term of confinement had no legal effect. Welfare and Institutions Code section 726, subdivision (d) generally requires the juvenile court to specify a maximum term of confinement not exceeding the time of confinement allowable for an adult convicted of the same offense. But when a minor remains in the physical custody of his parents, that provision does not apply. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573–574.) The order setting a maximum term of confinement is not authorized by statute. (*In re Matthew A., supra,* at p. 541.)

## DISPOSITION

The juvenile court shall correct the dispositional minute order dated November 26, 2012, by striking the reference to a maximum term of confinement. As modified, the order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J. *
                            FERNS

We concur:


_____, P. J.
        BOREN


_____, J.
        ASHMANN-GERST

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.