Filed 3/12/14  In re O.E. CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8,1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| In re O.E., a Person Coming Under the Juvenile Court Law. | B250450 (Los Angeles County Super. Ct. No. TJ20817) |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>O.E.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Tamara Hall, Judge.  Affirmed as modified.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Police detained O.E. after he and a female companion attacked Ingrid Marquez, grabbed her cell phone and fled from pursuing officers.

The People filed a Welfare and Institutions Code section 602 petition alleging O.E., then 16 years old, had committed second degree robbery (Pen. Code, § 211, count 1), a felony, and had resisted, obstructed or delayed a peace officer (Pen. Code, § 148, subd. (a)(1), count 2), a misdemeanor. O.E. denied the allegations.

At the jurisdiction hearing, the juvenile court granted O.E.'s motion under Welfare and Institutions Code section 701.1 to dismiss count 2 for insufficient evidence. The court found true the robbery allegation of count 1 and sustained the petition. At the disposition hearing, the court declared O.E. a ward of the court, ordered him home on probation and calculated a five-year maximum term of confinement.

We appointed counsel to represent O.E. on appeal. After examination of the record, counsel filed an opening brief in which no issues were raised. On December 2, 2013, we advised O.E. he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied O.E.'s attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The juvenile court calculated a five-year maximum period of confinement that is of no legal effect because O.E. was not ordered removed from the physical custody of his parent or guardian. (See Welf. & Inst. Code, § 726, subd. (c); *In re Matthew A.* (2008) 165 Cal.App.4th 537, 541 [court required to specify maximum period of physical confinement only when minor removed from physical custody of his or her parent or guardian]; *In re Ali A.* (2006) 139 Cal.App.4th 569, 573-574 [same].) Accordingly, we strike that term from the court's minute order.

2

# DISPOSITION

The July 19, 2013 minute order is amended to strike the maximum term of confinement. As amended the order is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**