Filed 5/22/14  In re Tiffany R. CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re TIFFANY R., a Person Coming Under the Juvenile Court Law. | B252657 (Los Angeles County Super. Ct. No. TJ20816) |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIFFANY R.,<br><br>Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Tamara Hall, Juvenile Court Referee.  Affirmed as modified.

Stephen Borgo, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Linda C. Johnson, Supervising Deputy Attorney General, and Ana R. Duarte, Deputy Attorney General, for Plaintiff and Respondent.

———————————

Appellant Tiffany R. was adjudged a ward of the court pursuant to Welfare and Institutions Code section 602,[1] and ordered home on probation. She contends the juvenile court erred in setting the maximum term of confinement because she was committed to the custody of her parents. We agree, and modify the dispositional order to strike any reference to the maximum term of confinement.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On March 29, 2012, 15-year-old Tiffany R. and another girl, while at school, approached another female student, said, "give me the i[]Pad bitch," and took an iPad from the other student.

On July 18, 2013, a petition under section 602 was filed charging appellant with one count of second degree robbery in violation of Penal Code section 211. On August 30, 2013, the court amended the petition to add an additional count of second degree robbery in violation of Penal Code section 211.

At the adjudication hearing, appellant made a motion to dismiss under section 701.1 on the basis of insufficient evidence. The court denied the motion, and stated it found the evidence sufficient to support a true finding on count 1.

On October 21, 2013, pursuant to a negotiated plea, appellant admitted the lesser included offense of a violation of Penal Code section 487, subdivision (c) on count 1. The court sustained the petition, found count 1 to be true as a felony, and dismissed count 2. The court declared appellant a ward of the court pursuant to section 602 and placed her home on probation. The court declared the maximum confinement to be three years.

## DISCUSSION

Appellant argues that the juvenile court erred in setting a maximum term of confinement because she was not removed from the custody of her parents, and requests that the juvenile court's order be corrected to strike the reference to a maximum term of

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

confinement for appellant's disposition of home on probation because section 726, subdivision (d),[2] providing for the imposition of a maximum term of confinement, does not apply. Respondent argues that a juvenile court's order erroneously setting the maximum term of confinement for a minor home on probation has no legal effect, and thus the dispositional order should be affirmed, citing *In re Ali A.* (2006) 139 Cal.App.4th 569 (*Ali A.*).

We agree with appellant that section 726, subdivision (d) does not apply in this case. Section 726, subdivision (d) provides that "[i]f the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." By its express terms, section 726, subdivision (d) does not apply to appellant because she was never removed from the physical custody of her parents. In other words, when a juvenile is committed to the custody of his or her parents, the juvenile court is not statutorily authorized to include a maximum term of confinement in its dispositional order. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541 (*Matthew A.*); *Ali A.*, *supra*, 139 Cal.App.4th at p. 573.)

In *Matthew A.*, *supra*, 165 Cal.App.4th 537, "[t]he juvenile court declared appellant . . . a ward of the court after finding that he had committed a first degree burglary . . . [and] placed appellant home on probation, and set a maximum term of confinement of six years." (*Id.* at p. 539, fn. omitted.) Reasoning that "the necessary predicate for specifying a term of imprisonment" did not exist because the "[a]ppellant was not removed from his mother's physical custody," the court struck the specification of a term of imprisonment from the order. (*Id.* at p. 541.) In other words, "[t]he statute

---

[2] In 2012, Welfare and Institutions Code was amended; as part of the amendment, former section 726, subdivision (c) was renumbered as section 726, subdivision (d). (Stats. 2012, ch. 176, § 3.)

3

did not empower the court to specify a term of imprisonment." (*Ibid*.) In *Matthew A.*, this district noted that while courts specifying a maximum term of confinement in such cases "may have the best of reasons, such as 'sending a message' to the juvenile that the transgression was serious," "if the Legislature thought that this should be done, it would have been easy to write the statute to permit this practice." (*Ibid*.)

*Matthew A.*, *supra*, 165 Cal.App.4th 537 is directly applicable to the instant case. Even though appellant was not removed from parental custody, the juvenile court specified a maximum term of confinement. As the juvenile court had no statutory authority to do so, the maximum term should be stricken from the order. Nonetheless, in *Ali A.*, *supra*, 139 Cal.App.4th 569, the juvenile court "sustained a charge of attempted robbery against the minor, declared him a ward of the court, and committed him to the custody of his parents under the supervision of a probation officer." (*Id*. at p. 571.) At the end of the disposition hearing, the court stated that "'[t]he maximum confinement term is three years,'" and held that former section 726, subdivision (c) did not apply. (*Ali A.*, at pp. 572–573, fn. omitted.) However, although the Third Appellate District in *Ali A*. recognized that "the maximum term of confinement contained in the current dispositional order is of no legal effect," it reasoned that the minor was not prejudiced by the inclusion of the maximum term of confinement, and affirmed the juvenile court's order. (*Id*. at p. 574.)

Although *Ali A.*, *supra*, 139 Cal.App.4th 569 addressed circumstances similar to the instant case, we find the reasoning in *Matthew A.*, *supra*, 165 Cal.App.4th 537 is more compelling, and that appellant is entitled to a dispositional order that accurately reflects the punishment that may legally be imposed upon her at the time of disposition.

## DISPOSITION

The order of wardship is modified by striking the order setting a three-year maximum term of confinement.  In all other respects, the order of wardship is affirmed. The juvenile court is directed to correct the minute order of the disposition hearing accordingly.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


ROTHSCHILD, Acting P. J.


MILLER, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.