Filed 7/11/14  In re S.L. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re S.L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>S.L.,<br><br>    Defendant and Appellant. | F068026<br><br>(Super. Ct. No. JJD066160)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Ann Bergen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Cornell, Acting P.J., Kane, J. and Franson, J.

The court adjudged appellant, S.L., a ward of the court after it revoked appellant's grant of deferred entry of judgment (DEJ) (Welf. & Inst. Code, § 730)[1] that encompassed several petitions.

On appeal, appellant contends the court erred: (1) in setting a maximum term of physical confinement (MTPC); and (2) in its award of predisposition custody credit. We will strike the court's orders setting appellant's MTPC and awarding him predisposition credit and affirm the judgment as modified.

### FACTS

On September 8, 2011, appellant approached a male juvenile as he walked to school in Visalia and called him a "scrap." As the other male continued walking, appellant pushed him and punched him in the back of the head. At that point, the other male's cousin drove up and took him to school.

On April 24, 2012, the Tulare County District Attorney filed a petition charging appellant with felony battery (Pen. Code, § 242) and with committing this offense for the benefit of a street gang (Pen. Code, § 186.22, subd. (d)).

On July 16, 2012, appellant admitted the allegations of the petition contingent on the court granting him DEJ.

On August 9, 2012, at approximately 1:00 p.m. appellant was standing near the entrance to a woman's restroom at a park when a Tulare police officer saw him pass a black object to a person inside the restroom. Upon seeing the officer, appellant attempted to conceal himself behind a barrier before fleeing. Appellant ignored the officer's commands to stop and ran into a neighborhood where he eventually surrendered when he encountered a canine unit. A .40-caliber Glock handgun with a magazine containing eight rounds was found in the sink of the women's restroom.

---

[1] All further statutory references are to the Welfare and Institutions Code unless stated otherwise.

On August 13, 2012, the court granted appellant DEJ. Also, on that date, the district attorney filed a second petition charging appellant with resisting arrest.

On August 14, 2012, the court granted appellant DEJ as to the second petition also and transferred the case to Ventura County where the minor was then residing.

On September 7, 2012, appellant was found in possession of a concealed knife. (Pen. Code, § 21310.)

On November 2, 2012, the Ventura County District Attorney filed a petition charging appellant with felony possession of a concealed dirk or dagger.

On December 5, 2012, appellant admitted the possession of a dirk or dagger offense after it was reduced to a misdemeanor, and the court continued appellant on DEJ on all three petitions.

On July 18, 2013, the Ventura County District Attorney filed a review report of probation officer recommending the court revoke appellant's grant of DEJ.

On August 9, 2013, the court revoked appellant's grant of DEJ and declared him a ward of the court. The court also set appellant's MTPC at three years eight months, awarded him predisposition actual custody credit of 25 days, and placed him in his mother's custody under the supervision of the probation officer on certain terms and conditions.

## DISCUSSION

### Appellant's Maximum Term of Confinement

Section 726 deals with "the maximum term of confinement in juvenile wardship cases generally." (*In re Sean W.* (2005) 127 Cal.App.4th 1177, 1187.) Subdivision (c) of section 726 (section 726(c)) "requires the juvenile court to specify that the minor may not be confined for a period in excess of the maximum term of imprisonment which could be imposed on an adult convicted of the offense that brought the minor under the jurisdiction of the juvenile court. By its express terms, however, section 726(c) applies only '[i]f the minor is removed from the physical custody of his or her parent or guardian ....'" (*In re*

*Ali A.* (2006) 139 Cal.App.4th 569, 573.)  Where, as here, a minor is not removed from the physical custody of his parents or guardian, section 726(c) "does not apply, … the juvenile court [is] not required by [section 726(c)] to include a maximum term of confinement in its dispositional order," and the setting of an MTPC "is of no legal effect." (*In re Ali A.*, *supra*, 139 Cal.App.4th at pp. 573, 574.)  Accordingly, as the parties agree, the juvenile court erred when it set an MTPC of three years eight months for appellant.  (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541.)

Appellant contends the error requires the striking of the MTPC.  Respondent concedes and we agree.  We believe appellant is entitled to a dispositional order free of legally ineffective and potentially confusing directives, and that the practice of improperly declaring an MTPC should be discouraged.  (*In re Matthew A.*, *supra*, 165 Cal.App.4th at p. 541.)  Therefore, we will strike the MTPC.  (*Ibid.*)

*Appellant's Predisposition Credit*

Appellant contends the court imposed an unauthorized sentence at the August 9, 2013, disposition hearing by awarding him only 25 days of predisposition credit because he was entitled to 30 days of such credit.  Appellant further contends he is entitled to the five additional days or, pursuant to Penal Code section 2900.5, monetary credit against qualifying fines and assessments.  Respondent concedes appellant spent an additional five days in predisposition custody.  However, according to respondent, because the setting of appellant's MTPC has no effect, its statement concerning presentence custody credit is of little effect.  We agree with respondent and will strike the court's award of predisposition credit.

"'[A] minor is entitled to credit against his or her maximum term of confinement for the time spent in custody before the disposition hearing.  [Citations.]  It is the juvenile court's duty to calculate the number of days earned, and the court may not delegate that duty.  [Citations.]'  [Citation.]" (*In re Lorenzo L.* (2008) 163 Cal.App.4th 1076, 1079.)  Courts have held, however, that a minor "'is entitled to credit against subsequent *physical*

4.

*confinement* only for earlier *physical confinement*.'" (*Ibid.*, quoting *In re Randy J.* (1994) 22 Cal.App.4th 1497, 1505.)

Appellant and respondent both agree that appellant was in custody from July 18, 2013, through July 23, 2013, and that the court did not include five of those days in its award of predisposition credit. However, it was unnecessary to calculate appellant's predisposition custody credit because the court did not commit appellant to a secure placement and was, thus, not required to set his MTPC. Additionally, the court will be able to recalculate appellant's entitlement to this credit if, and when, it ever commits appellant to a secure placement. Accordingly, we will strike the court's award of predisposition credit in its entirety.

Further, appellant's claim that he is entitled to monetary credit for these additional five days is unpersuasive because he relies on Penal Code section 2900.5, which applies to adult criminal proceedings, but he does not cite any authority which holds that this section is also applicable to juvenile proceedings. In any event, Penal Code section 2900.5 provides that "[i]n any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant *shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine*, including, but not limited to, base fines, on a proportional basis." (Italics added.) In view of the possibility that appellant may in the future be placed in a secure placement, it would be premature to give him monetary credit for the five days at issue. (Cf. *People McGarry* (2002) 96 Cal.App.4th 644, 646-647 [defendant who had *served the maximum term of six months for a battery conviction* was entitled pursuant to Penal Code section 2900.5 to monetary credit against fines and fees imposed for days served in excess of six-month term].)

## **DISPOSITION**

The court's orders awarding appellant 25 days of predisposition credit and setting appellant's maximum term of confinement are stricken. As modified, the judgment is affirmed.