Filed 12/8/14  In re A.V. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE A.V., a Person Coming Under the Juvenile Court Law. | H040718 (Santa Clara County Super. Ct. No. 313JV40393A) |
| THE PEOPLE, Plaintiff and Respondent, v. A.V., Defendant and Appellant. | |

The minor, A.V., appeals from a February 11, 2014 dispositional order following his admission that he was an accessory after the fact to assault with a deadly weapon (Pen. Code, § 32).  The juvenile court returned the minor to the custody of his guardian and placed the minor on probation with various terms and conditions, including that he not visit an area of gang-related activity.  The court set the minor's maximum term of confinement at three years.

On appeal, the minor contends that the probation condition prohibiting him from visiting an area of gang-related activity is unconstitutionally vague.  He also contends that the maximum term of confinement must be stricken.

We agree with the minor's latter contention. Accordingly, we will modify the dispositional order to strike the maximum term of confinement, and affirm the order as so modified.

## BACKGROUND

In 2013, the minor was with a group of teenagers who appeared to be a Norteño street gang. During an altercation with the victim, a knife was swung towards the victim. A witness reported that A.V. retrieved the knife and told the witness, " '[Y]ou didn't see anything right!' " The group then fled.

The district attorney filed an amended petition under Welfare and Institutions Code section 602[1] alleging that the minor committed assault with a deadly weapon, a knife (Pen. Code, § 245, subd. (a)(1); count 1), for the benefit of a criminal street gang (Pen. Code, § 186.22, subd. (b)(1)(C)). In January 2014, the petition was further amended to add a second count alleging that the minor was an accessory after the fact to assault with a deadly weapon (Pen. Code, § 32). The minor admitted the accessory count, and the assault count was dismissed.

A disposition hearing was held on February 11, 2014. The probation department recommended, among other orders, that the minor be declared a ward of the court and placed on probation with various terms and conditions. The recommended gang conditions stated: "That said minor not knowingly associate with any person whom he knows to be, or that the Probation Officer informs him to be, a probationer, parolee, or gang member. [¶] . . . That said minor not knowingly participate in any gang activity and not visit any specific location known to him to be, or that his/her Probation Officer informs him to be, an area of gang-related activity."

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

The minor objected to the gang conditions on the ground that there was no "nexus" to the accessory count that he had admitted.  The juvenile court determined that the circumstances of the offense were "reasonably . . . associated with gang-like behavior" and that gang conditions were "appropriate."  The court later explained to the minor that "two of the orders here are you are not to be in the presence of people that are involved in gangs in any way."

The juvenile court ultimately indicated that it was going to follow the recommendation of the probation officer, including placing the minor on probation, with 30 days on the electronic monitoring program.  After referring to the gang conditions, the court stated to the minor, "This comes down to a matter of common sense.  . . .  [Y]ou participate in lawful activities, baseball, where you hang out with people who are not committing crimes and getting into trouble, period."  The court asked the court officer for the "[m]aximum time."  The court officer responded, "Maximum time . . . is three years.  Credit is 15 days."  The court stated, "So ordered."

Relevant to this appeal, the written order of probation, which was signed by the court and the minor, states:  "That said minor not knowingly participate in any gang activity and not visit any specific location known to him to be, or that his/her Probation Officer informs him to be, an area of gang-related activity."  The dispositional order signed by the court states that the minor is returned to the custody of his legal guardian.  The dispositional order further states:  "Max time: 3 years, 15 days credit."

## DISCUSSION

### A. *Gang Condition of Probation*

The juvenile court imposed the following condition of probation:  "That said minor . . . not *visit* any specific location known to him to be, or that his/her Probation Officer informs him to be, an *area of gang-related activity*."  (Italics added.)  On appeal, the minor contends that the term "visit" and the phrase "area of gang-related activity" render the probation condition unconstitutionally vague.  The minor further contends that

3

delegating to the probation officer the power to interpret a vague probation condition is impermissible, and that the probation condition must be modified or stricken. The minor suggests that the probation condition be modified to state, "That said minor not knowingly . . . *be in* any specific location known to him to be, or that his/her Probation Officer informs him to be, an area of gang-related activity."

The Attorney General contends that the probation condition is not unconstitutionally vague. The Attorney General further contends that the juvenile court "made clear" at the disposition hearing that the minor was required to stay away from people who he knows are involved in gangs.

In reply, the minor suggests that the probation condition should be modified to state, "That said minor not knowingly . . . *be in and remain in* any specific location known to him to be, or that his/her Probation Officer informs him to be, an area of gang-related activity *without permission of the Probation Officer*." (Italics added.)

## 1. Legal principles regarding probation conditions

"A probation condition 'must be sufficiently precise for the probationer to know what is required of him [or her], and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*In re Sheena K.* (2007) 40 Cal.4th 875, 890 (*Sheena K.*); *People v. Leon* (2010) 181 Cal.App.4th 943, 949 (*Leon*).) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' [Citation.] The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions. [Citations.]' [Citation.] The vagueness doctrine bars enforcement of ' "a statute which either forbids or requires the doing of an act in terms so vague that men [and women] of common intelligence must necessarily guess at its meaning and differ as to its application." [Citation.]' [Citation.] A vague law 'not only fails to provide adequate notice to those who must observe its

strictures, but also "impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." [Citation.]' [Citation.] In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K.*, *supra*, at p. 890.)

The forfeiture rule does not apply when a probation condition is challenged as unconstitutionally vague on its face and the claim can be resolved on appeal as a pure question of law without reference to the sentencing record. (*Sheena K.*, *supra*, 40 Cal.4th at pp. 887-889; see also *Leon*, *supra*, 181 Cal.App.4th at p. 949.)

### 2. Prohibition on visiting an area of gang-related activity

The minor, in arguing that the probation condition is unconstitutionally vague in its requirement that he "not *visit* any specific location known to him to be, or that his/her Probation Officer informs him to be, an *area of gang-related activity*" (italics added), relies primarily on *In re H.C.* (2009) 175 Cal.App.4th 1067 (*H.C.*), and *In re Victor L.* (2010) 182 Cal.App.4th 902 (*Victor L.*). These cases are not helpful to the minor's position.

In *H.C.*, a minor challenged a probation condition requiring that he " 'not frequent any areas of gang related activity . . . .' " (*H.C.*, *supra*, 175 Cal.App.4th at p. 1072.) This court explained that "frequent" in verb form was no longer commonly used and "would be especially challenging to understand" in this context. (*Ibid.*) This court further determined that "[u]nderstanding the phraseology of 'frequent' to mean 'being in areas of gang-related activity' suggests more than one issue of interpretation. An area with 'gang-related activity' might be, in some instances, an entire district or town. It would be altogether preferable to name the actual geographic area that would be prohibited to the minor and then to except from that certain kinds of travel, that is, to school or to work.

5

At the very least the condition . . . should be revised to say that the minor not *visit* any area *known* to him to be a *place of gang-related activity*." (*Ibid.*, italics added.)

Consistent with *H.C.*, the probation condition at issue in the present case prohibits the minor from visiting a known area of gang-related activity. Specifically, the challenged condition requires that the minor "not *visit* any specific location *known* to him to be, or that his/her Probation Officer informs him to be, an *area of gang-related activity*." (Italics added.)

The minor's reliance on *Victor L.* is equally unhelpful to his contention that the probation condition is unconstitutionally vague. In *Victor L.*, a minor challenged a probation condition requiring that he "not be in . . . areas known by [the minor] for gang-related activity." (*Victor L.*, *supra*, 182 Cal.App.4th at p. 913, fn. 7.) The court determined that "even with a knowledge requirement, the gang-related activities condition is impermissibly vague in that it does not provide notice of what areas [the minor] may not frequent or what types of activities he must shun." (*Id.* at p. 914.) The court determined, however, that the probation condition could be saved by the addition of language authorizing the probation officer to notify the minor of the gang-related areas he must avoid. (*Id.* at p. 918.) The court noted that the probation officer clause "allow[ed] specification of exact limits to be made by the probation officer on an individualized basis." (*Ibid.*) This delegation of authority, the court explained, was consistent with *People v. O'Neil* (2008) 165 Cal.App.4th 1351, 1358-1359 (*O'Neil*), which held that " '[t]he court may leave to the discretion of the probation officer the specification of the many details that invariably are necessary to implement the terms of probation.' " (*Victor L.*, *supra*, at p. 919 [quoting *O'Neil*].) The court stated that " '[t]here are many understandable considerations of efficiency and practicality that make it reasonable to leave to the probation department the amplification and refinement of a stay-away order.' " (*Ibid.*) The court in *Victor L.* modified the probation condition to read that the minor " 'shall not be in . . . areas known by [the minor] for gang-related activity (*or*

6

*specified by his probation officer as involving gang-related activity*).' " (*Id.* at pp. 931-932.) The *Victor L.* court concluded that "[b]ecause the [juvenile] court's order specifies that areas of 'gang-related activity' are the subject of the stay-away order, the discretion vested in the probation officer by our modification is appropriately circumscribed." (*Id.* at p. 919.)

Consistent with *Victor L.*, the probation condition at issue in the present case authorizes the probation officer to specify the areas of gang-related activity the minor must avoid. In particular, the probation condition in the present case requires that the minor "not visit any *specific location* known to him to be, *or that his/her Probation Officer informs him to be, an area of gang-related activity*." (Italics added.)

In *People v. Barajas* (2011) 198 Cal.App.4th 748, this court determined that no modification was necessary to a similar probation condition which stated, " 'You're not to visit or remain in any specific location which you know to be or which the probation officer informs you to be an area of criminal street gang-related activity.' " (*Id.* at p. 754.) This court explained: "While reasonable minds may disagree about where criminal street gang activities occur, defendant cannot be found in violation of this condition for visiting an area of gang-related activity unless there is proof that *he* knew the nature of the location, *possibly* by learning it from his probation officer, or by some other means that can be proved up at a violation of probation hearing by a preponderance of the evidence. The knowledge condition suffices to give defendant fair warning of what areas to avoid and ensures that he will not be found in violation due to a factual mistake, accident, or misfortune." (*Id.* at pp. 759-760; see *Leon*, *supra*, 181 Cal.App.4th at p. 952 [modifying the probation condition, " 'You're not to frequent any areas of gang-related activity,' " to state, "You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity"].) We agree with *Barajas* and determine that the probation

7

condition at issue in the present case is not unconstitutionally vague and requires no further modification.

Lastly, we are not persuaded by the minor's contention that the term "visit" renders the probation condition unconstitutionally vague. The various scenarios suggested by the minor, such as merely passing through an area, meeting someone in the area, being in the area but not speaking to anyone, or being in an area for an extended period, are easily and readily resolved by the dictionary definitions the minor himself cites. (See, e.g., Merriam-Webster's Online Dict. (2014) <http://www.merriam-webster.com/dictionary/visit> [as of Dec. 8, 2014] [defining the verb "visit" to include "to go somewhere to spend time with" someone, "to go somewhere to see and talk to" someone]; Oxford English Dictionary Online (2014) <http://www.oxforddictionaries.com/definition/english/visit> [as of Dec. 8, 2014] [defining the verb "visit" to include to "[s]tay temporarily with (someone) or at (a place) as a guest or tourist," and to "[g]o to see (someone or something) for a specific purpose"].) Moreover, a probation condition need not "be stated so exactly as to preclude any possibility of misinterpretation or misapplication." (*Barajas*, *supra*, 198 Cal.App.4th at p. 762.) "A probation condition should be given 'the meaning that would appear to a reasonable, objective reader.' [Citation.]" (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) The term "visit" is commonly used and readily understandable. Inclusion of the term "visit" in the probation condition at issue does not render the condition impermissibly vague.

Accordingly, we determine that the probation condition is not unconstitutionally vague.

## B. *Maximum Term of Confinement*

The minor contends that the juvenile court lacked jurisdiction to set a maximum time of confinement where, as here, the minor was not removed from the custody of his guardians. The minor requests that the term be stricken.

8

The Attorney General agrees that the juvenile court did not remove the minor from the custody of his guardians, and that therefore the court had no authority to specify the maximum term of confinement. The Attorney General contends, however, that the minor has not suffered any prejudice. To the extent there is a "potential for prejudice," the Attorney General agrees that "the appropriate remedy is to strike the reference to the maximum term of [confinement]."

We agree with the parties and determine that the juvenile court was not authorized to set the maximum term of confinement because the juvenile court did not remove the minor from the physical custody of his guardian(s).

Sentencing authority is usually prescribed by statute. (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 541 (*Matthew A.*).) Section 726, subdivision (d) provides in relevant part: "If the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court. [¶] . . . [¶] 'Physical confinement' means placement in a juvenile hall, ranch, camp, forestry camp or secure juvenile home pursuant to Section 730, or in any institution operated by the Youth Authority." Thus, under section 726, subdivision (d), a "necessary predicate for specifying a term of imprisonment" is the minor's removal from the physical custody of his or her parent or custodian. (*Matthew A.*, *supra*, at p. 541 [discussing former subdivision (c), now subdivision (d), of section 726]; see also *In re Ali A.* (2006) 139 Cal.App.4th 569, 573; *In re A.C.* (2014) 224 Cal.App.4th 590, 591-592 (*A.C.*).) If the minor is not removed from the physical custody of a parent or guardian, then the statute does "not empower the court to specify a term of imprisonment." (*Matthew A.*, *supra*, at p. 541.) In *Matthew A.*, the appellate court ordered the specification of a term of imprisonment stricken, where

9

the minor had been placed home on probation.  (*Ibid.*; see also *id.* at p. 539; *A.C.*, *supra*, at p. 592.)

In this case, the juvenile court at the dispositional hearing returned the minor to the custody of his legal guardian on probation.  As the minor was not removed from the physical custody of his guardian(s), the court should not have specified a maximum term of confinement.  Accordingly, we will order the court's specification of the maximum term of confinement of three years stricken from the dispositional order.  (*Matthew A.*, *supra*, 165 Cal.App.4th at pp. 539, 541; *A.C.*, *supra*, 224 Cal.App.4th at p. 592.)

## DISPOSITION

The dispositional order of February 11, 2014, is ordered modified by striking the maximum term of confinement.  As so modified, the order is affirmed.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MIHARA, J.