Filed 5/23/16  In re Jacob H. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re JACOB H., a Person Coming Under the Juvenile Court Law. | |
| | D068381 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | (Super. Ct. No. JCM236886) |
| v. | |
| JACOB H., | |
| Defendant and Appellant. | |


APPEAL from an order of the Superior Court of San Diego County, Robert J. Trentacosta, Judge.  Affirmed.

Amada L. Fates, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Lynne G. McGinnis and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

In this juvenile delinquency case, a petition was filed in the juvenile court alleging Jacob H. (the Minor) violated Penal Code[1] section 496, subdivision (a) (receiving stolen property in an amount less than $950), a misdemeanor. At the jurisdictional hearing, the Minor admitted the allegations in the petition. At that time the court stated "that the maximum time in custody based upon this admission is one year."

At the disposition hearing the court declared the Minor to be a ward of the court, placed him under the supervision of the probation officer, and ordered home placement and various conditions of probation.

At the jurisdiction hearing, defense counsel asked the court to reduce the maximum time of confinement to six months to be consistent with the punishment for petty theft (theft of property valued at $950 or less) under section 488. The court denied the request.

The Minor appeals contending, for the first time on appeal, that the one-year maximum punishment for misdemeanor receiving stolen property in his case denies him equal protection because the maximum punishment for petty theft is only six months. Without any evidentiary basis in the record, the Minor argues a thief and a receiver of stolen property are similarly situated, in fact he argues a thief is worse. Thus he continues, the sentencing difference has no rational basis and imposing the greater term on him violates state and federal principles of equal protection. We will find several problems with this newly constructed argument.

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

2

First, we will find the issue forfeited for failure to raise it in the trial court. Asking for a lower term in the "interest of justice" does not articulate a constitutional challenge to the statutory maximum. Next, the issue is not ripe for review because the court at the jurisdiction hearing did not impose any term. The court simply told the Minor what it perceived the maximum possible punishment was so that the Minor would understand the consequences of his admission. In any event, such statement of the "maximum" had no legal effect.

Finally, we will briefly discuss the merits of the Minor's contention and conclude he has not met his burden to show an absence of a rational basis for the state's different treatment of a person found to have committed petty theft and one who is a receiver of stolen property in an amount of $950 or less.

STATEMENT OF FACTS

The true finding was based on an admission, rather than a trial. However, the record utilized by the court for dispositional purposes provides more insight into the circumstances of the Minor's unlawful activities.

In the present case it was the Minor's parents that brought his suspicious behavior to the attention of law enforcement. A search revealed several stolen wallets and student identification cards which had been taken from other students. The Minor denied taking the items, and said he received them from two other individuals.

The Minor admitted taking money and gift cards from the wallets, and that he knew the wallets were stolen.

3

The Minor had set up a fraudulent PayPal account using his mother's identifying information.  He was using the account to purchase items which he then had shipped to his girlfriend's house to avoid suspicion.  Some of the items were purchased with the stolen gift cards.

## DISCUSSION

As we have discussed, the Minor now claims the statutory maximum for misdemeanor receiving stolen property denies equal protection because a person who steals items similarly valued at less than $950 would only face a maximum of six months.  Arguing thieves are worse than receivers of stolen property, the Minor contends there is no rational basis for the difference in statutory maximums.  Because the issue was never discussed in the trial court, the Minor has not demonstrated the greater maximum for receiving stolen property violates principles of equal protection.

### A.  Legal Principles

In order to establish a valid equal protection claim, under either the United States or California constitutions, it must first be shown that the state has adopted classifications that affects two or more similarly situated groups in an unequal manner.  (*People v. Noyan* (2014) 232 Cal.App.4th 657, 666; *People v. Rhodes* (2005) 126 Cal.App.4th 1374, 1383.)  "The concept of equal protection recognizes that persons who are similarly situated with respect to a law's legitimate purposes must be treated equally."  (*People v. Brown* (2012) 54 Cal.4th 314, 328.)

Where persons or groups are not similarly situated, neither the state or federal constitution preclude different legislative classification of such persons or groups.

4

(*People v. Barrera* (1993) 14 Cal.App.4th 1555, 1565; *People v. Johnson* (2004) 32 Cal.4th 260, 268.)

Where, as here, a party does not claim to belong to a protected class, the person bears the burden to show the "challenged classification bears [no] relationship to a legitimate state purpose."  (*People v. Hofsheier* (2006) 37 Cal.4th 1185, 1200; *Jensen v. Franchise Tax Board* (2009) 178 Cal.App.4th 426, 436.)

### B.  Forfeiture

During the jurisdictional hearing, defense counsel asked the court:  "I am asking the court in the interest of justice to set the maximum term of confinement at six months, given that the maximum currently allowed for receiving stolen property is one year and post Prop 47 the actual theft offense itself would be a six month maximum."  The court denied the request without comment.

Notably missing in the defense counsel's comments is any reference to equal protection.  It is also problematic that counsel made the "comment" at the jurisdictional hearing and did not make any further requests weeks later at the dispositional hearing where any punishment or restrictions would be decided.  As a result, we have no record to illuminate any similarities or differences that may allegedly exist between someone convicted of petty theft and one who was found to have received stolen property of less than $950 in value.

We believe it was the Minor's responsibility to raise the issue of equal protection in the juvenile court and that failing to do so constituted a forfeiture of the issue on appeal.  (*People v. Alexander* (2010) 49 Cal.4th 846, 880, fn. 14.)

5

Although we find the issue has been forfeited, we will discuss the merits of the Minor's claim.

## C.  No Maximum Term Has Been Set

To the extent this equal protection challenge is an as-applied challenge, we note no maximum term has actually been set.  The remarks of the court at the jurisdictional hearing were in the context of informing the Minor of the potential consequences of the admission.  The court did not set a maximum term at that stage.

At the dispositional hearing the court did not remove the Minor from his parents' custody, nor did the court impose any confinement.  Instead the court ordered home placement and probation, subject to various conditions.  Thus, the court was not required to set a maximum term at jurisdiction and to the extent the court attempted to do so, it was a legal nullity.  (*In re P.A.* (2012) 211 Cal.App.4th 23, 30; *In re Ali A*. (2006) 139 Cal.App.4th 569, 571.)

We think there remains a facial challenge to the statutory differences within the claims the Minor makes here.  Accordingly, we will proceed to discuss the merits of the equal protection contention.

## D.  Analysis

The Minor concedes he is not proceeding as a member of a protected classification and thus strict scrutiny is not required.  He also concedes the standard for evaluating differences where similarly situated persons are treated differently is the rational relationship test.

He does contend that persons who commit petty theft and persons who commit misdemeanor receiving are similarly situated. He has not offered any proof that such offenders are similar, other than in the value of the property involved. The Minor has offered no studies or case law comparisons of the relative culpability of the thief versus the "fence," other than his bare assertion that such is the case. Therefore, we have nothing from which we could draw a conclusion that the statutory schemes for theft and receiving stolen property do not bear any rational relationship to a legitimate state interest. Nor do we have any basis to conclude the different offenders are similarly situated. All we have in this record is the factual circumstances of the Minor's offense. To the extent the facts of this case illustrate anything it is that the Minor was not similarly situated to the thieves.

It appears from our scant record that the Minor received a number of stolen wallets from two other students, who were the actual thieves. These involved thefts by at least two people, from a number of victims over a period of several months. The Minor constructed a scheme to use a fraudulent account and false address in order to profit from the stolen goods supplied to him by the thieves. Experience suggests, and the record does not refute, that persons who act as "fences" may receive goods from multiple thieves over time. We cannot say that in all cases, or in this case that the thieves and receivers are similarly situated or that the statutes lack a rational relationship to a legitimate state interest. The Minor has not carried his burden to demonstrate a violation of state or federal principles of equal protection. (*People v. Hofsheier*, *supra*, 37 Cal.4th at p. 1200.)

DISPOSITION

The dispositional order of the juvenile court is affirmed.

_____
HUFFMAN, Acting P. J.

WE CONCUR:


_____
McDONALD, J.


_____
O'ROURKE, J.

8