Filed 1/7/25  In re A.C. CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. A.C., Defendant and Appellant. | E083380 (Super.Ct.Nos. DLRI2300202 & J299397) OPINION |

APPEAL from the Superior Court of Riverside County.  Mark E. Petersen, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

1

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Kristen Ramirez, Deputy Attorneys General, for Plaintiff and Respondent.

In January 2024, the juvenile court found true allegations that A.C. violated the law by having a loaded firearm in a car. A.C. appeals, alleging there was insufficient evidence he constructively possessed the firearm. We affirm.

BACKGROUND

In December 2023, a police officer made a traffic stop. The car had seven people inside—five in the back, including A.C., and two in the front. After the officer turned on his lights and initiated the stop, the car took several seconds and about a fifth of a mile to come to a stop. The officer later testified that in his experience cars "slow roll" after an officer initiates a stop to allow someone to conceal contraband. A.C. was the rightmost rear passenger, and the passenger to his immediate left had a seven- or eight-year-old child sitting on their lap. During this time the officer saw A.C. moving a lot and ducking down multiple times. A.C. was the only passenger the officer saw move like that.

After all the occupants of the vehicle exited, the officer searched the car from front to back. He found a loaded gun under the front passenger seat, closer to the rear of the car, in front of where A.C. was seated. Reaching from the front, the officer had to stick his arm up to his elbow under the seat to reach the gun. The gun was also covered with trash such that he could not see it from the rear without moving the trash. According to the officer, where he found the gun "the rear passenger could just reach down and pretty

2

much have access to it, whereas the front passenger would have to put his entire arm down the seat in order to access the firearm." The officer arrested A.C., and later testified he did so "solely based on the movements that he made in the vehicle."

The San Bernardino County District Attorney filed a juvenile wardship petition against A.C. alleging he was a minor in possession of a concealable firearm (Pen. Code,[1] § 29610) and was carrying a loaded handgun in a vehicle (§ 25850, subd. (a)). The court held a jurisdictional hearing on the petition in January 2024. It heard testimony from the arresting officer and later reviewed the officer's body camera footage before ultimately finding true both allegations. The case was transferred to Riverside County Superior Court later that month, which held the dispositional hearing in February 2024. The court declared A.C. a ward of the court, imposed probation with credit for time served, and placed him in the custody of his parents.

## ANALYSIS

A.C. argues there was insufficient evidence to support the court's finding that he possessed the firearm. We disagree and affirm.[2]

"[O]n this appeal challenging the sufficiency of the evidence to support a juvenile court judgment sustaining the criminal allegations of a petition made under the provisions

---

[1] Unlabeled statutory citations refer to the Penal Code.

[2] A.C. also argues the probation report stated the wrong maximum term of confinement. However, the court released A.C. into his parents' custody and did not set a maximum term of confinement. We therefore agree with the People that any error in the probation report on this issue is irrelevant. (See *In re Ali A.* (2006) 139 Cal.App.4th 569, 571 ["When a juvenile ward is allowed to remain in his parents' custody, there is no physical confinement and therefore no need to set a maximum term of confinement."].)

of section 602 of the Welfare and Institutions Code, we must apply the same standard of review applicable to any claim by a criminal defendant challenging the sufficiency of the evidence to support a judgment of conviction on appeal." (*In re Ryan N.* (2001) 92 Cal.App.4th 1359, 1371.) Under this standard of review we " 'must review the whole record in the light most favorable to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*Ibid*.) "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the true finding].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331, quoting *People v. Redmond* (1969) 71 Cal.2d 745, 755.) "We resolve all evidentiary conflicts . . . 'in favor of the verdict, drawing every reasonable inference the [trier of fact] could draw from the evidence.' " (*People v. Brady* (2018) 22 Cal.App.5th 1008, 1014, quoting *People v. Cardenas* (2015) 239 Cal.App.4th 220, 226-227.) "The trial court, not the reviewing court, 'is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences . . . .' " (*People v. Duncan* (2008) 160 Cal.App.4th 1014, 1018, quoting *People v. Woods* (1999) 21 Cal.4th 668, 673.)

Violations of sections 29610 and 25850, subdivision (a), both require proof that the accused individual possessed a firearm. (See *In re Charles G.* (2017) 14 Cal.App.5th 945, 951 (*Charles G.*); *People v. Taylor* (1984) 151 Cal.App.3d 432, 436.) "To 'possess'

4

a firearm means 'having " ' "actual control, care and management of" ' " ' the firearm. [Citations.] Possession may be actual or constructive." (*Charles G.*, at p. 951.) " 'To establish constructive possession, the prosecution must prove a defendant knowingly exercised a right to control the prohibited item, either directly or through another person.' " (*People v. Bay* (2019) 40 Cal.App.5th 126, 132.) "A defendant does not avoid conviction if his right to exercise dominion and control over the place where the contraband was located is shared with others." (*People v. Rushing* (1989) 209 Cal.App.3d 618, 622.) However, under such circumstances " ' "[d]ominion and control . . . cannot be inferred from mere presence or access." ' " (*In re Anthony J.* (2004) 117 Cal.App.4th 718, 728.) Instead " ' "[s]omething more must be shown to support inferring of these elements," ' " though " ' "the necessary additional circumstances may, in some fact contexts, be rather slight." ' " (*Ibid.*)

The evidence of constructive possession in this case was slight, but it was nevertheless sufficient to conclude A.C. possessed the firearm. The arresting officer testified he saw A.C. ducking down and making other gestures while he was pulling the car over. Nobody else in the car made similar movements. The car also took longer than necessary to stop, traveling a fifth of a mile before doing so, and the officer testified that in his experience cars tend to do that when someone is attempting to conceal contraband. When it finally did stop, the officer found it difficult to access the handgun from the front of the car, and he testified that a rear passenger would have much easier access to it than the front passenger. The gun was also covered in trash such that it was hard to see from

5

the rear, arguably suggesting someone in the back seat had attempted to conceal it from view.  Finally, the passenger to A.C.'s immediate left had a child on their lap, possibly obstructing their access to the area beneath the front passenger seat.  Viewing this evidence in the light most favorable to the judgment, the trial court could have concluded A.C. placed the gun under the seat and attempted to conceal it under trash.  These actions would demonstrate dominion and control over, not mere access to, the weapon.  Thus, given the deferential standard of review, there was sufficient evidence that A.C. constructively possessed the gun.

In support of a different conclusion, A.C. argues that furtive movements are not sufficient to justify a search of a person, and therefore cannot sustain the court's finding that he violated the law.  In particular, A.C. points out that the arresting officer said he arrested A.C. "solely based on the movements that he made in the vehicle," which A.C. treats as an admission that this was the only evidence supporting the trial court's finding he violated the law.  But as discussed above, that is not the case.  That the officer's arrest decision focused on A.C.'s furtive movements does not mean that was the only evidence of constructive possession offered at the jurisdictional hearing.  The People also offered evidence that the gun was not easily accessible from the front seat, and that the gun had been concealed.  The first of these facts makes it unlikely that the front passenger and driver possessed the gun during the stop, and the location of the weapon suggests that the possessor was a passenger in the right rear of the car—where A.C. was seated.  In addition, the person to A.C.'s immediate left had a child on their lap, which would have

6

made reaching the firearm, let alone concealing it, difficult.  A.C. thus had the most access of any person in the car.  When combined with A.C.'s movements, this evidence adequately supports the conclusion A.C. possessed the gun.  Thus, while his movements alone may not have justified the trial court's finding, the totality of the evidence does.

Accordingly, we conclude there was sufficient evidence for the trial court to find A.C. constructively possessed the firearm in question and therefore violated sections 29610 and 25850, subdivision (a).

DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL _____<br>J.

We concur:


McKINSTER _____
       Acting P. J.

CODRINGTON _____
       J.